### State of Vermont v. Joseph N. Bartlett

[270 A.2d 168]

· No. 137-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 6, 1970

*Patrick J. Leahy,* State's Attorney, for the State.

*J. William O'Brien,* Burlington, for Vermont Human Life Assn., Inc., *amicus curiae.*

*Joseph S. Wool* and *William C. Kittell,* Burlington, for Defendant.

**Keyser, J.** The petitioner pleaded guilty in Chittenden County Court to two charges of procuring an abortion in violation of 13 V.S.A. § 101 and was sentenced to serve a term of three to five years in state prison on each conviction. Subsequently, the respondent filed a petition under the Post Conviction Relief Act, 13 V.S.A. §§ 7131–7137, for review of the

judgments. He seeks to have the trial court vacate and set aside the judgments and discharge him from custody on the ground that he has been denied his constitutional rights and the court below was without jurisdiction to impose sentence upon him. The court below dismissed the petition on the ground that it conclusively appeared therein that the petitioner was not entitled to relief under the laws of Vermont, the result of which was petitioner's appeal to this Court.

The petitioner attacks his conviction for violation of the abortion statute on three grounds. He contends that it violates the due process clause of the Constitution of the United States because (1) it infringes upon the mother's right to life, and (2) her right to choose whether to bear children. (3) He also claims that the statute is void for vagueness. There is no claim that the petitioner was denied any of the elements of procedural due process at his trial so as to make his conviction constitutionally invalid.

The statute, 13 V.S.A. § 101, reads:

> "A person who wilfully administers, advises or causes to be administered anything to a woman pregnant, or supposed by such person to be pregnant, or employs or causes to be employed any means with intent to procure the miscarriage of such woman, or assists or counsels therein, unless the same is necessary to preserve her life, if the woman dies in consequence thereof, shall be imprisoned in the state prison not more than twenty years nor less than five years. If the woman does not die in consequence thereof, such person shall be imprisoned in the state prison not more than ten years nor less than three years. However, the woman whose miscarriage is caused or attempted shall not be liable to the penalties prescribed by this section."

The first information charged that the petitioner wilfully assisted and caused to be administered the means necessary to procure a miscarriage on a named woman then pregnant, with intent to procure the miscarriage of such woman when same was not necessary to preserve her life, in violation of Chapter 3 Section 101 Title 13 V.S.A. The second information charged the identical offense in the same language except that

the named female was a different person who was "supposed to be pregnant by the said Joseph N. Bartlett."

The petitioner was not charged in either instance with performing an abortion but with assisting in the procurement of an abortion. He admits in his brief that he was a go-between by finding persons who needed assistance. And here the petitioner took each female to Montreal, Canada, in order to have the abortions performed.

In this posture of the case it is clear that the petitioner is not the person upon whom the claimed constitutional rights are directly bestowed. He admits this in his argument but claims that although his rights lack originality, he is entitled to vindicate his actions by asserting, and having the benefit of, the constitutional rights of the pregnant females named in the information. On the other hand, the State argues that the petitioner stands in a different position than the expectant mothers.

The respondent contends that the statute is unconstitutional to women generally and, therefore, is unconstitutional also as to him. He argues that the statute is unconstitutionally vague, his claim being based on the statutory language "unless the same (abortion) is necessary to preserve her (mother's) life." Thus, at the threshold we are met with the issue of whether the statute is unconstitutional as to the petitioner.

■ In construing a statute, the fundamental rule is that the real meaning and purpose of the Legislature is to be ascertained, and if a fair and reasonable construction discloses it, the statute is to be given effect. *Abbadessa* v. *Tegu,* 121 Vt. 496, 498, 160 A.2d 876; *Sorrell* v. *White,* 103 Vt. 277, 280–281, 153 A. 359.

■ There is, of course, a presumption in favor of constitutionality, and the invalidity of a legislative act must be clear before it can be declared unconstitutional. *United States* v. *National Dairy Products Corp.,* 372 U.S. 29, 9 L.Ed.2d 561, rehearing denied 372 U.S. 961, 10 L.Ed.2d 13; *Vt. Woolen Corp.* v. *Wackerman,* 122 Vt. 219, 167 A.2d 533. It is not to be adjudged unconstitutional without clear and irrefragable evidence that it infringes the paramount law. *Re Squires,* 114 Vt. 285, 287, 44 A.2d 133.

■ However, under the long established rule where the meaning of the statute is plain, there is no necessity for construction and the courts must enforce the statute according to its terms. *Leno* v. *Meunier*, 125 Vt. 30, 33, 209 A.2d 485; *City of Rutland* v. *Keiffer*, 124 Vt. 357, 364, 205 A.2d 400.

When a statute is attacked on vagueness grounds under the due process clause of the Fifth or Fourteenth Amendments of the Federal Constitution, the theory of the attack is that the party against whom the statute is to be applied did not receive fair warning that his conduct was prohibited. *Jordan* v. *DeGeorge*, 341 U.S. 223, 95 L.Ed. 886, 892. The United States Supreme Court declared in that case that—"The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices," citing *Connally* v. *General Construction Co.*, 269 U.S. 385, 391, 70 L.Ed. 322, 328. See also *United States* v. *National Dairy Products Corp.*, *supra*, in which the Court said—"In determining the sufficiency of the notice a statute must of necessity be examined in the light of the conduct with which a defendant is charged." (9 L.Ed.2d at 565, 566). It has also said—"No one may be required at peril of life, liberty, or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the state commands or forbids." *Lanzetta* v. *New Jersey*, 306 U.S. 451, 453, 83 L.Ed. 888, 890; *Giaccio* v. *Pennsylvania*, 382 U.S. 399, 402–403, 15 L.Ed.2d 447, 450.

■ In *State* v. *Giant of St. Albans, Inc.*, 128 Vt. 539, 268 A.2d 739, we held that the constitutional standard is that a criminal statute must give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden, citing *United States* v. *Harriss*, 347 U.S. 612, 617. The constitutional test is satisfied if, upon reasonable inquiry, a person of ordinary intelligence is made aware of the nature of the prohibitions. *Ibid.*, citing *McGowan* v. *Maryland*, 366 U.S. 420, 428.

Therefore, if the petitioner's "conduct was such that he could clearly tell that it was prohibited by the statute, it is immaterial that the statute may be broadly phrased and that another could be misled." Standing to Assert Constitutional Jus Tertii, 71 Yale L.J. 617 (1962).

■■ Moreover, where wilfulness is an essential element of the crime, as it is under our statute, one convicted cannot allege that the statute was vague. 71 Yale L.J. 617, citing *United States* v. *Ragen*, 314 U.S. 513. In that case the Court states at page 524 that "A mind intent upon wilful evasion is inconsistent with surprised innocence." Here, by his guilty plea, the petitioner admitted the wilfulness of his acts.

The statement made by the Court in *Sanitary Vendors, Inc.* v. *Byrne*, 40 N.J. 157, 190 A.2d 876, 881, 96 A.L.R.2d 948, 955, is quite apropos here—"that legislation should always give fair warning to those affected as to what it intends to outlaw. There is, of course, no suggestion that the plaintiff in the instant case lacked warning that its activity was proscribed."

Reduced to its simplest terms, the petitioner was charged in each complaint with wilfully assisting the procurement of an abortion of a named pregnant female. The language of the statute which is the basis of the complaint expresses the clear meaning and purpose of the statute. Its terms indicate with certitude what the Legislature intended by its enactment of the statute and informs a person what conduct it proscribes. The statute spells out the offense and is susceptible to but one interpretation which gave the respondent, as a person of ordinary intelligence, fair notice that his contemplated conduct was forbidden. His intent to have an abortion performed in each instance is clear; and he did all that was necessary to bring about the criminal result he desired. He could not fail to be aware that his surreptitious conduct would violate the statute.

■ The case presented to us leads to but one conclusion, that the statute gave sufficient warning to the petitioner that the abortions which he assisted in procuring were not lawfully justifiable and thus were criminal.

Under the circumstances of this case, we hold that the statute is constitutional as applied to the petitioner. *State* v. *Moretti*, (1968) 52 N.J. 182, 244 A.2d 499, 505, cert. den. 393 U.S. 952, citing *United States* v. *Ragen, supra,* and numerous cases from other jurisdictions. In the *Moretti* case the court said: "That in some other case where the facts require it, we might be called upon to determine the specific limits of the statutory exception for abortions performed with lawful justi-

fication—or to deal with a constitutional challenge made by a defendant claiming he was not adequately warned of the criminality of his conduct—is of no aid to these defendants if their conduct was such as clearly fell within the prohibition of the statute."

The petitioner further argues that the clause in the statute "unless the same (abortion) is necessary to preserve her (mother's) life" is subject to the interpretation by a doctor who, after examination of the woman, must make the decision as to whether or not necessity to preserve life exists. He contends that this delegation of decision making power to a directly involved individual violates the Fourteenth Amendment of the Federal Constitution. This argument puts forward only a general proposition not applicable to the facts presented here. The petitioner by this argument is asserting that the constitutional rights of a doctor could be adversely affected by the outcome of his prosecution by the state.

In *State* v. *Moretti, supra,* at page 504–505 (244 A.2d) the court said: "A contention that a statute violates due process because of vagueness is based on the theory the defendant had no fair warning that his conduct was proscribed. Thus, a defendant whose conduct was such that he clearly could tell that it was prohibited will not be heard to say that the statute is overly broad and that another, in some hypothetical case, could be misled." We must deal with the case at hand and not with a hypothetical situation.

The petitioner's attack on the statute as respects its affect upon a doctor, not a party, is groundless. See *New York ex rel. Hatch* v. *Reardon,* 204 U.S. 152.

Moreover, at the time the petitioner was in the lower court on the charges made against him, he was represented by experienced counsel and in each instance he entered a plea of guilty. There can be no doubt but that such pleas were made voluntarily after proper advice and with a full understanding of the consequences. At that time the petitioner raised no question with respect to the meaning or validity of the "necessary to preserve life" clause. As the court said in *Sanitary Vendors, Inc.* v. *Byrne, supra,* at page 879 (190 A.2d)—"Perhaps he recognized that no plausible interpretation of the clause would apply to him, and that his was not a marginal situation, and that he was hardly in any position to assert the

rights of others who might be adversely affected by the generality of the clause." In that case the validity of the clause "without just cause" was in contention it being claimed it was so vague as to void the statute under the United States and New Jersey Constitutions. The court held that the statute proscribing the sale of contraceptives "without just cause" was valid and that the statute prevented the promiscuous and indiscriminate sale of contraceptives through vending machines in public places.

The petitioner stands convicted on his counseled admission in open court that he committed the crime charged against him. He is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show his plea was not, after all, a knowing and intelligent act. *McMann* v. *Richardson,* 397 U.S. 759, 90 S.Ct. 1441; *In re Garceau,* 125 Vt. 185, 188, 212 A.2d 633; *In re James J. Mahoney,* 128 Vt. 462, 266 A.2d 444.

By his plea the petitioner admitted that the abortion was performed for a purpose other than to save the mother's life which established the necessary criminal intent to support his conviction. See *People* v. *Abarbanel,* 239 Cal. App.2d 31, 48 Cal. Rptr. 336, 338.

And as we said in the *Mahoney* case,—"But a plea of guilty is an admission of guilt according to the law at the time it was accepted by the court. Except in rare circumstances, the validity of the conviction on such a plea is to be judged by the constitutional standards applicable at that time."

Under the circumstances of this case we are satisfied that the judgment entered below was correct for the reasons stated in the opinion and it is accordingly:

*Affirmed.*