State of Vermont v. Robert B. Stewart

State of Vermont v. Irene A. Stewart

[438 A.2d 671]

Nos. 156-81 through 159-81

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and
Daley, J. (Ret.), Specially Assigned

Opinion Filed November 3, 1981

Motion for Reargument Denied November 23, 1981

*John J. Easton, Jr.*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for Plaintiff.

*Oreste V. Valsangiacomo, Jr.*, Barre, for Robert B. Stewart.

*Robert J. Kurrle*, Montpelier, for Irene A. Stewart.

**Billings, J.** This is an interlocutory appeal from the trial court's denial of defendants' motions to dismiss. Four separate prosecutions are involved in this appeal, two against each defendant. The defendants' ground for dismissal in all four cases is that the statute of limitations, 13 V.S.A. §§ 4501 and 4503, bars the actions.

On February 26, 1980, a grand jury indicted Robert Stewart for embezzlement in violation of 13 V.S.A. § 2531. On the same day it also indicted Irene Stewart for aiding in the commission of the felony of embezzlement in violation of 13 V.S.A. §§ 3 and 2531. They pleaded not guilty and moved to dismiss the indictments. On October 30, 1980, the trial court granted their motions. The indictment against Robert Stewart was dismissed because of irregularities in the grand jury proceeding. Irene Stewart's indictment was dismissed because it lacked the specificity required by amendments VI and XIV of the United States Constitution and chapter I, article 10 of the Vermont Constitution.

No appeals were taken from these dismissals. Instead, on November 4, 1980, the State issued informations recharging the defendants. The informations specifically referred to the earlier indictments which had been dismissed. In docket number 159-81, the information charged Robert Stewart with embezzling approximately $10,000 from the Vermont League of Cities and Towns while he was its executive director. A separate information, in docket number 158-81, charged Irene Stewart with two alternative counts: first, that she aided in the commission of a felony by assisting Robert Stewart in the above-mentioned embezzlement, and, second, that she herself embezzled approximately $10,000 from the League while she was its agent. Both defendants pleaded not guilty and subsequently moved to dismiss on the ground that the statute of limitations applicable to embezzlement, 13 V.S.A. § 4501, had run.

Although the informations alleged embezzlement offenses from March 1977 to December 1977, the State conceded that all acts of embezzlement were committed before November 1, 1977. Facially, the November 4, 1980, informations were barred by the three-year statute of limitations. The State claimed, however, that the statute was tolled by the filing of the February 26, 1980, indictments and did not begin to run again until October 30, 1980, when those indictments were dismissed. Therefore, under the State's view the November 4, 1980, informations were filed before the statute had run.

The trial court agreed with the State and denied the motions. The parties sought permission for an interlocutory appeal pursuant to V.R.A.P. 5(a), and the trial court granted it

certifying the following question to this Court: "Was the statute of limitations, 13 V.S.A. § 4501, tolled during the pendency of the indictments in the instant actions?"

The other two cases on appeal arose out of a different body of facts. In docket number 156-81, Robert Stewart was charged by information on July 1, 1980, with four counts of embezzlement by a guardian from his ward in violation of 13 V.S.A. § 2535. In docket number 157-81, Irene Stewart was charged on July 8, 1980, with three different counts of the same offense.

The criminal activity in all but one of the counts occurred during a period in excess of three years, but less than six years, prior to the filing of the informations. The defendants pleaded not guilty and moved for dismissal of those counts involving activity more than three years old claiming that the three-year statute of limitations, 13 V.S.A. § 4501, barred those actions. The State claimed that the six-year statute of limitations, 13 V.S.A. § 4502, applied, and therefore none of the counts should be dismissed.

The trial court denied the defendants' motions and under V.R.A.P. 5(a) certified two questions to this Court: (1) "Does the three year or six year statute of limitations provision apply to the instant actions prosecuted pursuant to 13 V.S.A. § 2535?" and (2) "Is 13 V.S.A. § 2535 a valid statutory provision in all constitutional respects?"

## I.

We take up first the issue of whether the statute of limitations was tolled during the pendency of the February 26, 1980, indictments. Vermont's statutory scheme provides that the statute was tolled. The applicable statute of limitations for both embezzlement, 13 V.S.A. § 2531, and aiding in the commission of an embezzlement, 13 V.S.A. §§ 3 and 2531, is 13 V.S.A. § 4501, which provides that "[p]rosecutions . . . shall be commenced within three years after the commission of the offense, and not after." 13 V.S.A. § 4508 defines when a prosecution is considered commenced:

> For the purpose of determining whether a period of limitation prescribed by law has run, a prosecution for a

felony or misdemeanor shall be deemed commenced upon the occurrence of the earliest of the following events:

(1) the arrest of the defendant without warrant;

(2) the issuance to him by a law enforcement or prosecuting officer of a citation to appear; or

(3) the presentation of an information or indictment to a judicial officer for the purpose of obtaining a summons or arrest warrant.

V.R.Cr.P. 4(a) provides for the issuance of a summons or warrant upon the filing of an indictment or information. The last sentence of Rule 4(a) requires the judicial officer to enter on the indictment or information "a minute . . . in writing, under his official signature, of the date on which the [indictment or information] was presented." The Reporter's Notes to Rule 4 state the purpose of this entry: "The purpose of the sentence is to provide a means of making clear on the record the point at which the statute of limitations is tolled."

The applicable Vermont statutes clearly provide that the statute of limitations in criminal actions is tolled by the filing of an indictment or information. The question which remains to be answered is whether an exception should be made for indictments or informations which are dismissed because of some defect.

The defendants assert that V.R.Cr.P. 12(i) answers this question in the affirmative. Rule 12(i) provides as follows:

If the court grants a motion based on a defect in the institution of the prosecution or in the indictment or information, it may also order that the defendant be held in custody or that the conditions of his release be continued for a specified time pending the filing of a new indictment or information. Nothing in this rule shall be deemed to affect the provisions of any statute relating to periods of limitations.

Defendants interpret the last sentence of the Rule to mean that the statute of limitations is not tolled during the pendency of an indictment which is later dismissed. In support of this contention they cite the Reporter's Notes to V.R.Cr.P. 12(i):

Rule 12(i), based on present Federal Rule 12(b)(5) and proposed Federal Rule 12(h), implements the basic

proposition that dismissal of an indictment or information on technical grounds does not bar the bringing of a new proceeding. See 1 Wright, supra, § 195. . . . If the indictment or information is dismissed, however, the rule permits the defendant to be retained in custody or under release conditions pending the institution of new proceedings. The effect of the last sentence is to make clear that the rule does not extend the period of any statute of limitations. See 13 V.S.A. §§ 4501–4506. If the indictment or information is dismissed, new proceedings must be commenced within the time provided by the statute, despite the fact that the defendant is in custody. See 13 V.S.A. § 4508, as amended by Act No. 118 of 1973, § 6. This result is contrary to the effect of similar language in the federal rule, which saves federal statutes permitting reindictment after the statute has run. See 1 Wright, supra, § 195.

██ We disagree with the defendants' interpretation of both the Rule and the Notes. The Reporter's Notes simply explain that the authority to hold the defendant in custody after the indictment has been dismissed should not be construed to also extend the tolling of the statute of limitations beyond the date of dismissal of the indictment or information. Neither Rule 12(i) nor the Reporter's Notes are concerned with the period of time prior to the dismissal of the indictments, and thus they are not pertinent to the resolution of this issue. The Rule specifically states that it shall have no effect on any statute of limitations. Despite this explicit language, the defendants would have us read Rule 12(i) as making an affirmative change in Vermont's statutory scheme which, as we have already discussed, provides that the statute is tolled by the filing of an indictment or information. We see no reason to do so. As the last sentence of the Note suggests, the Note's sole purpose is to make clear that Vermont's Rule 12(i) is different from federal law which provides a six-month grace period upon the dismissal of an indictment in addition to the normal periods allowed by the statute of limitations. See Fed. R. Crim. P. 12(h); 18 U.S.C. §§ 3282, 3288 (1976). The Note was not intended to change the law concerning the statute of limitations either by extending the time period or reducing it.

Defendants further claim that, while it may be true that the filing of a valid indictment or information tolls the statute of limitations, an indictment which is later dismissed is a nullity and cannot suspend the running of the statute. There is no case law concerning this question in Vermont. Among state courts which have dealt with this issue, there are two opposing viewpoints. The disagreement is caused by the different wording used in each state's statute of limitations.

In states in which the statute provides that an indictment "must be found" or "brought" within a particular time, the cases hold that the running of the statute of limitations will not be interrupted or suspended by the return and pendency of an indictment upon which no valid conviction can be maintained. E.g., *Commonwealth* v. *Cardonick*, 448 Pa. 322, 292 A.2d 402 (1972) ; *State* v. *Bilbao*, 38 Idaho 92, 222 P. 785 (1923) ; *State* v. *Disbrow*, 130 Iowa 19, 106 N.W. 263 (1906). The rationale is that the words "found" or "brought" require more than a mere presentation of the indictment or information.

In states in which the statute provides that the prosecution must be "commenced" within a certain period of time, the cases hold that the running of the statute is interrupted by the filing of an indictment or information and does not begin to run again unless and until the indictment is dismissed. E.g., *Davenport* v. *State*, 20 Okla. Crim. 253, 202 P. 18 (1921) ; *Hickey* v. *State*, 131 Tenn. 112, 174 S.W. 269 (1915).

The defendants rely on the first line of cases, but our statute is of the latter type. 13 V.S.A. § 4501 requires only that the "[p]rosecution . . . shall be commenced within three years." In defining "commenced," 13 V.S.A. § 4508 requires simply "the presentation of an information or indictment." The statute does not expressly require the presentation of a valid indictment or information, and we see no reason to impose such a requirement.

Federal case law supports this interpretation. The Second Circuit Court of Appeals dealt with this issue in *United States* v. *Grady*, 544 F.2d 598 (2d Cir. 1976), stating that indictments which are later dismissed do toll the statute of limitations:

This argument misconceives the interplay of an indictment with a statute of limitations. Once an indictment is brought, the statute of limitations is tolled as to the charges contained in that indictment. *United States* v. *Feinberg*, 383 F.2d 60, 64–65 (2d Cir. 1967) (dictum), *cert. denied*, 389 U.S. 1044, 88 S.Ct. 788, 19 L.Ed.2d 836 (1968) ; *Powell* v. *United States*, 122 U.S. App. D.C. 229, 352 F.2d 705, 707 n.5 (1965) (dictum). This is a sensible application of the policies underlying statutes of limitations. The defendants are put on timely notice, because of the pendency of an indictment, filed within the statutory time frame, that they will be called to account for their activities and should prepare a defense. *See United States* v. *Marion*, 404 U.S. 307, 322–23 & n.14, 92 S. Ct. 455, 30 L.Ed.2d 468 (1971). The statute begins to run again on those charges only if the indictment is dismissed, and the Government must then reindict before the statute runs out . . . .

*Id.* at 601.

■■  We agree with this analysis and feel that it applies exactly to the present case. The February 26, 1980, indictments put the defendants on notice as to the crimes they were being charged with. Although the indictment against Irene Stewart was dismissed as being too vague to constitutionally support a prosecution, it was not so vague that it failed to satisfy the purposes of the statute of limitations.[1] The indictments against both defendants stated, at the very least, what statutes were violated, when they were violated, and what acts of the defendants resulted in the violation.

■  Applying this analysis to the facts of the present case, we hold the following. In Robert Stewart's case, docket number 159-81, he was charged with the same crime in both the February 26, 1980, indictment and the November 4, 1980, information. The earlier indictment tolled the statute of limitations from the time it was brought until it was dismissed on

---

[1] The dismissal of the February 26, 1980, indictments was not appealed from, and therefore the issue of whether they were correctly dismissed is not before us.

October 30, 1980, and thus the subsequent information was filed well before the statute had run.

In Irene Stewart's case, docket number 158-81, the information of November 4, 1980, was not identical to the earlier indictment but added an alternative charge. On February 26, 1980, Irene Stewart was charged with aiding in the commission of an embezzlement in violation of 13 V.S.A. §§ 3 and 2531. This indictment tolled the statute of limitations only as to that crime. On November 4, 1980, she was charged with two alternative crimes: (1) aiding in the commission of embezzlement, and (2) embezzlement. Thus the statute of limitations as to the second alternative charge of embezzlement, 13 V.S.A. § 2531, in the November 4, 1980, information was not tolled by the prior indictment and should have been dismissed by the trial court.

## II.

We take up next the second issue on appeal: Does the three-year statute of limitations, 13 V.S.A. § 4501, or the six-year statute, 13 V.S.A. § 4502, apply to prosecutions brought under 13 V.S.A. § 2535?[2] Section 2535 provides:

> A guardian who embezzles or fraudulently converts to his own use, money, obligations, securities or other effects of property belonging to the ward or the estate of the ward of whom he is guardian, shall be guilty of larceny and shall be imprisoned not more than ten years or fined not more than $1,000.00.

13 V.S.A. § 4502 provides that prosecutions for larceny shall be commenced within six years after the commission of the offense. 13 V.S.A. § 4501 provides that prosecutions for embezzlement are to be commenced within three years.

The result in this case turns upon an interpretation of 13 V.S.A. § 2535. Is a violation of 13 V.S.A. § 2535 a larceny or an embezzlement for purposes of the statute of limitations?

"In construing a statute, the fundamental rule is that the real meaning and purpose of the Legislature is to be

---

[2] 13 V.S.A. §§ 4501 and 4502 were amended in 1981. The amended statutes do not apply to the present cases which arose before the amendment. All references in this opinion are to the pre-1981 statutes.

ascertained, and if a fair and reasonable construction discloses it the statute is to be given effect." *State* v. *Bartlett,* 128 Vt. 618, 621, 270 A.2d 168, 170 (1970). The meaning of 13 V.S.A. § 2535 is plain and unambiguous. The Legislature has created a new crime; the elements are embezzlement, or fraudulent conversion, by a guardian from his ward. The statute expressly states that the crime is larceny.

Even if the statute were ambiguous, the defendants' arguments have no merit. The defendants claim that common law larceny requires the element of criminal trespass which embezzlement does not, and therefore this statute is not larceny for purposes of the statute of limitations. This view is unsupportable. The crime created by the statute is neither common law embezzlement nor larceny. Merely proving the elements of embezzlement or larceny would not result in a conviction under 13 V.S.A. § 2535. The additional elements of guardian and ward are necessary. In any case, the distinctions between common law larceny and embezzlement are immaterial to this issue. The Legislature is not bound by the common law and, within constitutional limits, is free to denominate any crime of taking a larceny. See *State* v. *Sylvester,* 112 Vt. 202, 207, 22 A.2d 505, 508 (1941).

Defendants also claim that the larceny designation in 13 V.S.A. § 2535 was only for the purpose of increasing the punishment from that of embezzlement to that of larceny and not to change one offense into another for purposes of the statute of limitations. This argument is specious. First, contrary to what defendants assert, the punishment for embezzlement, 13 V.S.A. § 2531, is identical to that of larceny, 13 V.S.A. § 2501. Both statutes provide for imprisonment for ten years and for a fine of not more than $500.00, or both. Simply designating embezzlement by a guardian as larceny would not have increased the punishment as defendants argue. Second, the punishments are specifically stated in 13 V.S.A. §§ 2501, 2531 and 2535, and there was no need to designate the crime as a larceny if the only purpose was to fix the punishment. The Legislature obviously intended something more when it labelled the crime a larceny. One obvious function such labelling serves is to have the six-year statute of limitations, 13 V.S.A. § 4502, apply.

There are two other excellent reasons for concluding the Legislature intended that the six-year statute should apply instead of the three-year statute. First, the six-year statute of limitations, 13 V.S.A. § 4502, was intended for more serious crimes than the three-year statute, 13 V.S.A. § 4501. Larceny is governed by the six-year statute. Because 13 V.S.A. § 2535 carries a punishment greater than larceny, it makes sense to apply the six-year limitation statute to it. Second, detection of embezzlement by a guardian is extremely difficult; the ward is usually incompetent, so the guardian can easily hide his illegal activity. A longer statute of limitations would compensate for this problem.

For the foregoing reasons, we hold that the six-year statute of limitations, 13 V.S.A. § 4502, applies to violations of 13 V.S.A. § 2535.

### III.

The final issue on this appeal is whether 13 V.S.A. § 2535, embezzlement by a guardian, is a constitutionally valid statutory provision. The defendants raise two objections to its constitutionality.

The first objection is that 13 V.S.A. § 2535 violates the due process clauses of the United States Constitution and the Vermont Constitution. The due process standard by which a criminal statute must be measured is whether the statute gives a person of ordinary intelligence fair notice that his conduct is forbidden. *United States* v. *Harriss*, 347 U.S. 612, 617 (1954); *State* v. *Bartlett, supra*, 128 Vt. at 622, 270 A.2d at 170. "The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *United States* v. *Harriss, supra*, 347 U.S. at 617.

13 V.S.A. § 2535 states that embezzlement or fraudulent conversion by a guardian from a ward is larceny and will be punished by imprisonment of up to ten years or by a fine of up to $1000.00, or both. The defendants' claim that they were confused as to whether the crime was larceny or embezzlement is immaterial at best and, under these facts, essentially frivolous. Even under defendants' reading, the statute communicated, in a manner more than sufficient to give fair notice to

defendants, that certain conduct was prohibited and what the punishment would be.

When conduct, heretofore not criminal, is made criminal by legislation, courts are obliged to look carefully to determine that no constitutional rights have been transgressed. Conversely, when conduct is clearly criminal, and has been for some time, it is hard to accept the argument that the wrongdoer did not reasonably understand the conduct was proscribed. It is inconceivable to us that the defendants failed to understand that conversion to one's own use of payroll checks and funds from the trust accounts of incompetent wards would not constitute criminal actions. We hold that 13 V.S.A. § 2535 is not unconstitutionally vague.

The defendants' second objection to the constitutionality of 13 V.S.A. § 2535 is that it violates the equal protection clause. They argue that while 13 V.S.A. § 2531 provides that an agent who embezzles shall be guilty of embezzlement, 13 V.S.A. § 2535 singles out from the class of agents a particular type of agent, a guardian, and applies a different penalty to him.

In analyzing an equal protection claim, the test to be applied when no fundamental right or suspect class is involved is "whether a rational basis serving a legitimate public policy objective can be articulated in defense of the challenged statutory classification." *State* v. *Carpenter*, 138 Vt. 140, 142–43, 412 A.2d 285, 287 (1980). Furthermore, "we must uphold the classification if we find that it serves any of the purposes that are conceivably behind the statute in question." *Pabst* v. *Commissioner of Taxes*, 136 Vt. 126, 133, 388 A.2d 1181, 1185 (1978).

This test is easily satisfied here as there are a number of purposes behind 13 V.S.A. § 2535. The Legislature may have wanted to more severely punish guardians who embezzle because of the heinousness of their crime. The Legislature may also have wanted to place the crime of embezzlement by a guardian from his ward under larceny's longer statute of limitations because guardian misconduct is especially difficult to detect. We find that a rational basis can be articulated in defense of 13 V.S.A. § 2535 and it does not violate the equal protection clause.

*Affirmed as to Docket Numbers 156-81, 157-81 and 159-81. Affirmed as to Count I and reversed as to Count II in Docket Number 158-81.*