**Vermont Motor Inns, Inc. v. Town of Hartford**

[350 A.2d 369]

No. 98-75

Present: Barney, C.J., Smith, Daley, and Larrow, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed December 2, 1975

*Garfield H. Miller* of *Black and Plante,* White River Junction, for Plaintiff.

*George Wenz,* White River Junction, for Defendant.

**Smith, J.** This is a tax appeal from the Windsor Superior Court. The judgment of the lower court was that the fair market value of the property of the plaintiff was $1,150,-000.00. The property consists of a commercial motel, operated under the name of Howard Johnson Motor Lodge. The basis of the appeal is the claim by the plaintiff that another motel, The Holiday Inn, was comparable for tax purposes, which fact was not taken into consideration by the lower court in setting the fair market value of the property of the plaintiff. The Holiday Inn was set in the Grand List of the Town of Hartford pursuant to a five-year taxation agreement entered into between the owner of the motel and the Board of Selectmen of the Town of Hartford. The case involves taxes for the year 1973.

Both parties agree that 32 V.S.A. § 4467 requires a lower court, proceeding de novo in a tax appeal, to examine the uniformity of appraisals and their equitability on a comparative value basis and, if the finding is made that the taxpayer's burden has been unfairly allocated, based on the listed values of comparable property, to right the wrong. This Court has so held in a number of cases, the last of such decisions being *International Paper Co.* v. *Town of Winhall,* handed down in the June term of the Court, preceded by *Bookstaver* v. *Town of Westminster,* 131 Vt. 133, 300 A.2d 891 (1973).

But the statute, and its interpretation, which is really at the heart of the controversy here is 24 V.S.A. § 2741. Enacted under the title heading "Aid to Business; Publicity", the statute allows a municipality to "enter into a contract with owners, lessees, bailees, or operators of agricultural, industrial or commercial real and personal property for the purpose of: (1) fixing and maintaining the valuation of such property in the grand list; (2) fixing and maintaining the rate or rates of tax applicable to such property; (3) fixing the amount in money which shall be paid as an annual tax upon such property; or (4) fixing the tax applicable to such property at a percentage of the annual tax." The lower court found that the plaintiff's property was finally appraised at $1,150,000.00 for the taxable year of 1973. Also found was that the Holiday Inn property was set in the Grand List of the Town of Hartford for 1973 at $847,000.00 pursuant to a five-year taxation agreement entered into by the owners thereof

and the Board of Selectmen of the town, with the agreement expiring in the year 1974. The listers played no part in this agreement. It is apparent from the findings that the plaintiff constructed its motel property in 1968, and that Holiday Inn property was constructed in 1971.

What is clearly established is that some years after the plaintiff had constructed its motel the selectmen of the Town of Hartford entered into a tax stabilization agreement with the Holiday Inn owners to bring that business into the Town of Hartford. There is apparently no dispute but that the selectmen of Hartford have authority to enter into such agreement under the provisions of 24 V.S.A. § 2741 in an effort to bring a new business into the town. The net result is that the plaintiff's taxes, not being set by any contractual agreement, were set by the appraisal of the listers. But the Holiday Inn taxes were set by the contractual agreement with the town. 32 V.S.A. § 4041 provides, "On April 1 the listers shall proceed to take up such inventories and make such personal examination of the property which they are required to appraise as will enable them to appraise it at its fair market value."

The duties of the listers set forth in 32 V.S.A., Chapter 121, Subchapter 2, "Duties of Listers", include taking an oath under § 3431 to "appraise all the . . . real property subject to taxation in the town . . . so far as required by law at its fair market value. . . ."

■ The listers were not required to appraise the Holiday Inn property under the law, for the taxation on that property had already been settled by the agreement between the town and the property owner. It is true that the listers could have appraised the property and placed it in the grand list with a notation to the effect that the actual taxation figure had been set by contract, but the contract of tax stabilization is binding. *Lewis* v. *Town of Brandon*, 132 Vt. 37, 41, 313 A.2d 673 (1973).

■ The simple answer here is that the Holiday Inn property was not taxed on listed value. Indeed it was not appraised by the listers. The taxation on the Holiday Inn property was set by contract and hence was not a part of "the listed value of comparable properties within the town" which

the lower court must consider in setting the property of the plaintiff in the list "at a corresponding value". There may well have been a comparability of fact between the property of the plaintiff and the property of Holiday but this is not a "listed value of comparable properties" which the plaintiff claims the lower court ignored.

The plaintiff also claims that the lower court's refusal to grant it the same tax treatment accorded other property owners by virtue of tax contract violated the equal protection clause of the Fourteenth Amendment to the United States Constitution.

The plaintiff does not attack the constitutionality of 24 V.S.A. § 2741(a)(1) providing for stabilization agreements, quoted in the first part of this opinion, but again argues that such property taxed under a stabilization agreement is a comparable property for tax purposes. This argument we have already answered. What plaintiff does seem to claim is that the Fourteenth Amendment requires that all persons or property similarly situated shall be taxed in a like manner. *Allied Stores of Ohio, Inc.* v. *Bowers*, 358 U.S. 522 (1959).

We agree with the appellee that equal protection does not require identity of treatment with respect to classification for tax purposes, but only that the classification or distinction rest on a real, unfeigned difference; have some relevance to the legislative purposes; and lead to a difference in treatment which is not so disparate as to be wholly arbitrary. *Walters* v. *City of St. Louis*, 347 U.S. 231 (1954).

The legislative intent in 24 V.S.A. § 2741 was to permit a town to set a valuation by contract which would not be a reflection of fair market value for tax purposes. The reason for the enactment was to allow the town to provide an incentive to attract new industry and commercial enterprises to locate in the town. Thus, the enactment allowed the town to act in its own best interests in the attraction of new enterprises, while, at the same time, it offered an inducement to new enterprises to locate in the town.

The plaintiff may have been placed in an unfortunate position of having located in town before any other similar business and without the benefit of the tax stabilization

contract that a new enterprise could receive. But the purpose of the legislation was to attract the new business and not to benefit those already doing business in the community. It cannot be said but that this was a reasonable tax classification which is based upon a difference having a substantial relationship to the object of the legislation. *Louisville Gas and Electric Co.* v. *Coleman*, 277 U.S. 32 (1928). The equal protection clause does not require states or their subdivisions to tax all property alike. Tax classifications may be created and property so classified may be taxed differently provided the classification is not arbitrary and rests upon real differences. The difference here was between a business already established in a town and the benefit resulting to the town from the attraction of a new business.

*Judgment affirmed.*