TOWN OF TAYLORSVILLE v. MODERN CLEANERS, SAMUEL J. BROOKSHIRE
D/B/A

No. 7622DC1015

(Filed 21 September 1977)

**1. Municipal Corporations § 4— rates for city services**

The statutory authority of a city to fix and enforce rates for its services and to classify its customers is not a license to discriminate among customers of essentially the same character and services.

2. **Municipal Corporations § 4— sewer service—arbitrary classifications of customers**

    A town ordinance providing higher rates for sewer service to customers using sewer service only than to customers using both water and sewer services is arbitrary and discriminatory where the cost of providing sewer service to both classes of customers is the same.

APPEAL by defendant from *Johnson, Judge*. Judgment entered 30 August 1976 in District Court, ALEXANDER County. Heard in the Court of Appeals 1 September 1977.

This is a civil action instituted by plaintiff, Town of Taylorsville, to collect from the defendant, Samuel J. Brookshire, doing business as Modern Cleaners, for the sum of $328.94 which represents sewer services provided by plaintiff for defendant for the months of February and March, 1976.

After a trial without a jury, Judge Johnson made the following pertinent findings of fact:

> "[The defendant] is involved in dry cleaning, laundry, and washerette business in the Town of Taylorsville . . . that the business of the Defendant uses water from a private source . . . and that the sewer services of the Defendant for said business are supplied by the Town of Taylorsville as part of the town sewer system and operation;

> "Plaintiffs water and sewer rate is on a graduated scale for users of both water and sewer services and also on a graduated scale for users of sewer service only; that in July, 1975 Plaintiff increased its water and sewer rates with a general increase of forty (40%) percent for users of both water and sewer services and also for users of the sewer services only; the Defendant is the only customer within the town that uses the sewer services only; that the charges for sewer service only to the Defendant are only about fifteen (15%) percent higher than the charges for sewer services to the customers of the town using water and sewer services; that the charges to the Defendant for sewer services only are not arbitrary and unreasonable with respect to the Defendant. [A]nd that any customer of the town utilizing the sewer services only of the town and receiving the same kind and degree of services as the Defendant would be subject to the same rates of charges as the Defendant;

> . . .

> "Plaintiff has rendered a just and valuable service to the Defendant for the months of February and March, 1976 and the

Defendant has failed and refused to pay said sum of Three Hundred Twenty-eight and 94/100 ($328.94) Dollars."

The court concluded:

"The rates of charges for the sewer service of the Plaintiff do not constitute an action that is arbitrary, discriminatory, or that is an abuse of discretion of the Legislative Body of the Town of Taylorsville, and that said rates are a proper exercise of the Legislative authority of the Town of Taylorsville; and that the sewer rates of the Plaintiff when applied to the Defendant are not arbitrary, discriminatory, or an abuse of the Legislative authority of the Plaintiff; that the Defendant is indebted to the Plaintiff in the sum of Three Hundred Twenty-eight and 94/100 ($328.94) Dollars."

From a judgment that the plaintiff recover of the defendant the sum of $328.94, defendant appealed.

*Williams, Pannell & Lovekin by Martin C. Pannell for plaintiff appellee.*

*Richard L. Gwaltney for defendant appellant.*

HEDRICK, Judge.

Assuming *arguendo* that the ordinance dated 1 July 1975 increasing the rates for sewer only users was duly enacted, the question before us is whether the trial court erred in concluding that "the sewer rates of the Plaintiff when applied to the Defendant are not arbitrary, discriminatory, or an abuse of the Legislative authority of the Plaintiff . . . ."

A city's authority to own, operate, and finance a public utility is derived from the legislature. G.S. 160A-311, *et seq.* G.S. 160A-314(a) provides in pertinent part:

"A city may establish and revise from time to time schedules of rents, rates, fees, charges, and penalties for the use of or the services furnished by any public enterprise. Schedules of rents, rates, fees, charges, and penalties may vary according to classes of service . . . ."

[1] It is a fundamental principle that a public utility, whether publicly or privately owned, may not discriminate in the distribution of services or the establishment of rates. *Dale v. City of Morganton*, 270 N.C. 567, 155 S.E. 2d 136 (1967); *Utilities Commission v. Mead Corp.*, 238 N.C. 451, 78 S.E. 2d 290 (1953); *Griffin v.*

*Goldsboro Water Co.*, 122 N.C. 206, 30 S.E. 319 (1898); 12 McQuillin, Mun. Corp. § 35.37a (3d Ed. 1970). Thus, the statutory authority of a city to fix and enforce rates for its services and to classify its customers is not a license to discriminate among customers of essentially the same character and services. Rather, the statute must be read as a codification of the general rule that a city has "the right to classify consumers under *reasonable* classifications based upon such factors as the cost of service . . . or any other matter which presents a substantial difference as a ground of distinction." 12 McQuillin, Mun. Corp. § 35.37b, at 485-6 (3d Ed. 1970) (Emphasis added). In *Utilities Commission v. Mead Corp., supra* at 465, 78 S.E. 2d at 300, the Supreme Court recognized this rule: "Rates may be fixed in view of dissimilarities in conditions of service, but there must be some reasonable proportion between the variance in the conditions and the variances in the charges. Classification must be based on substantial difference." (Citation omitted.) *See also Utilities Commission v. Teer Co.*, 266 N.C. 366, 376, 146 S.E. 2d 511, 518 (1966).

[2]  Application of the foregoing principles to the present case compels the conclusion that the classification giving rise to higher rates for sewer only users is without justification. The plaintiff's own witness, the mayor of Taylorsville, testified that there is no difference between the costs of providing water and sewer services and sewer only services. We hold that the higher rate charged defendant for sewer only service is not supported by any "substantial difference" in the type of service rendered and bears no rational relation to the cost of service or any other relevant factor, and thus, is arbitrary and discriminatory.

Reversed.

Judges VAUGHN and CLARK concur.