### Fred Pabst, Jr. v. Commissioner of Taxes

[388 A.2d 1181]

No. 355-76

Present: Daley, Larrow, Billings and Hill, JJ. and Keyser, J. (Ret.), Specially Assigned

Opinion Filed April 4, 1978

Motion for Reargument Denied June 6, 1978

*Gravel, Shea & Wright,* Burlington, and *Robert A. Schnur* of *Michael, Best & Friedrich,* Milwaukee, Wisconsin, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Richard J. King,* Assistant Attorney General, Montpelier, for Defendant.

**Hill, J.** Appellant seeks refund of amounts paid under the Vermont gift tax law (32 V.S.A. § 7401 et seq.) for the years 1971 and 1972. The basis of appellant's claim is that certain features of Vermont's gift tax statute are unconstitutional.

In 1970, the Legislature passed laws providing for the assessment of estate and gift taxes. Public Acts 1969 (Adj. Sess.) No. 269, § 1, now 32 V.S.A. § 7401 et seq. The gift tax was made applicable to all gifts made on or after January 1, 1971. Public Acts 1969 (Adj. Sess.) No. 269, § 3 (see note to 32 V.S.A. § 7401). 32 V.S.A. § 7412 provides[1] that the gift tax payable for each calendar year shall be an amount equal to thirty percent of a taxpayer's federal gift tax liability for that calendar year, reduced by the percentage of the taxpayer's total gifts which are not "Vermont gifts." A general provision of the estate and gift tax law (32 V.S.A. § 7475) provides that if a taxpayer's Vermont gift tax liability for any year is increased, by virtue of a change in federal law, over what the taxpayer would have paid had federal law remained as it was on January 1, 1971, then the taxpayer shall receive a credit equal to the amount of the increase. Each of appellant's constitutional arguments arises out of the "piggyback" features of the Vermont law.

Appellant made gifts in 1971 and 1972 and paid federal and, under protest, Vermont gift taxes for both of those years. For each year the Vermont gift tax paid was equal to thirty percent of the federal gift tax paid, there being no non-Vermont gifts. Federal gift tax liability for the years 1971 and 1972 was calculated, on a quarterly basis, by a three-step process. First, all federal taxable gifts made by the taxpayer since 1932 (the first year in which the federal gift tax law was applicable), *including* gifts made in the quarter for which the tax was being calculated, were added together; a tax on that sum was computed by reference to a rate schedule set out in 26 U.S.C. § 2502 (1970). Second, all federal taxable gifts made by the taxpayer since 1932, *excluding* gifts made

---

[1] All references to state or federal gift tax laws are to those laws as they existed in the years 1971 and 1972 unless otherwise noted.

in the quarter for which the tax was being calculated, were added together; a tax on that sum was computed by reference to the same rate schedule. Finally, the taxpayer's actual gift tax liability for the quarter was computed by subtracting the amount of the second computed tax from the amount of the first. The rate schedule used in these calculations was progressive, the rate of the tax rising as the amount of total federal taxable gifts rose.

I.

 Appellant first argues that the Vermont Legislature has unconstitutionally delegated its responsibilities by adopting the federal gift tax structure and rate schedule and by mandating that federal judicial or administrative determinations shall be conclusive on questions of gift tax liability. He supports this claim with several examples illustrating how changes in federal law might affect the Vermont tax scheme. However, appellant does not cite any actual changes in the federal gift tax law during the years 1971 and 1972 which affected him. Furthermore, in the hypotheticals which appellant presents, the alleged injury resulting from a change in federal law is to the State treasury, not to the pocketbook of the individual taxpayer. As we said in *Clark* v. *City of Burlington*, 101 Vt. 391, 412, 143 A. 677, 685 (1928), appellant cannot base a constitutional challenge on theoretical irregularities, but must show that he is unfavorably affected.

 Appellant also contends that 32 V.S.A. § 7492, which makes federal judicial and administrative determinations binding on the State, violates the guaranties of self-government, Vermont Const., ch. I, art. 5, and republican government, U.S. Const., art. 4, § 4. However, appellant in this case does not cite any federal judicial or administrative determinations adverse to him. Therefore, we will not consider the alleged invalidity of this delegation.

 The only aspect of the Vermont gift tax law which is involved in this case and which could be said to represent a delegation of power to federal authority is the "piggyback" method of computing Vermont gift tax liability. 32 V.S.A. § 7412. There are numerous cases holding that a state may

use the federal determination of income in computing state income tax liability. See *Thorpe* v. *Mahin*, 43 Ill. 2d 36, 49, 250 N.E.2d 633, 640 (1969), and cases cited therein. See also *Wheeler* v. *State*, 127 Vt. 361, 249 A.2d 887 (1969). In structuring the Vermont gift tax law, the Legislature has "borrowed" not only the federal determination of taxable gifts but also the federal rate schedule. In view of the safeguards against increased gift tax liability provided by 32 V.S.A. § 7475 (which effectively freezes the applicable rate schedule as it appeared on January 1, 1971, regardless of changes in the federal law), we think the "borrowing" challenged here affects the taxpayer's rights no differently than that approved in the cases cited above. The Vermont Legislature has simply chosen to make the computation required of a Vermont gift taxpayer the taking of a percentage, rather than the reference of the amount of taxable gifts to a separate Vermont rate schedule. This is not an unconstitutional delegation of responsibility to the federal government.

## II.

Appellant's second claim of error is based on the contention that two aspects of the Vermont gift tax law give rise to arbitrary discrimination between taxpayers in violation of the equal protection clause of the United States Constitution and the uniformity clause of the Vermont Constitution.[2] Both complained-of aspects result from the incorporation of the federal gift tax scheme into the Vermont law. One of appellant's equal protection arguments challenges the Vermont law's treatment of the federal lifetime exemption.[3] On this point, appellant alleges discrimination between himself and a hypothetical Vermont taxpayer who, though making the same pre-1971 and post-1971 gifts as appellant, did not use all of his lifetime exemption prior to 1971 and was there-

---

[2] The limitations placed upon the State's powers of taxation by the uniformity clause of the Vermont Constitution, ch. I, art. 9, are the same as those embodied in the equal protection clause of the United States Constitution. *In re Estate of Eddy*, 135 Vt. 468, 472, 380 A.2d 530, 534 (1977); *State* v. *Auclair*, 110 Vt. 147, 161, 4 A.2d 107, 114 (1939); *Clark* v. *City of Burlington*, 101 Vt. 391, 405, 143 A. 677, 683 (1928).

[3] In the years with which we are concerned, the amount of the exemption was $30,000. 26 U.S.C. § 2521 (1970) (repealed 1977).

fore able to apply part or all of the exemption to "Vermont gifts" as well as federal gifts. Appellant's other equal protection argument challenges Vermont's use of the taxpayer's annual federal gift tax liability, which in part depends on the amount of gifts made prior to the effective date of the Vermont law, to determine Vermont gift tax liability. Here appellant emphasizes the difference between his liability under the Vermont gift tax law and the liability of a hypothetical Vermont taxpayer who, though making the same amount of Vermont taxable gifts as appellant in 1971 and 1972, would have paid less Vermont tax if he had made less federal taxable gifts in years prior to 1971.

Appellant contends that he has been arbitrarily denied the right to apply his lifetime exemption to his Vermont gifts. This contention may be illustrated by the following example. Vermont taxpayers A and B make their first taxable Vermont gifts, each in the amount of $30,000, in 1970. B claims his $30,000 exemption and pays no federal gift tax, but A declines to use any of his lifetime exemption,[4] paying federal gift taxes on the full $30,000. In 1971, A and B again give $30,000 each in taxable Vermont gifts, but now A claims his full $30,000 exemption, with the result that both his federal and his Vermont gift tax liabilities are zero. B, on the other hand, having used up all of his lifetime exemption in 1970, must pay federal tax on his $30,000 gift and also Vermont tax amounting to thirty percent of his federal liability. The result is that while A and B made exactly the same gifts, pre-1971 and post-1971, Vermont and non-Vermont, and paid the same amount of federal gift tax (on cumulative taxable gifts of $60,000 less the $30,000 exemption), B was required to pay Vermont gift tax in 1971 while A was able to escape all Vermont gift tax liability by claiming his exemption. Appellant, who used up all of his $30,000 exemption prior to 1971, likens his position to that of taxpayer B.

■ When a person subject to a statutory classification challenges that classification on equal protection grounds, and

---

[4] Although federal law on the subject is not conclusive, it appears that the taxpayer could apply the $30,000 lifetime exemption whenever he chose. *Phipps* v. *Commissioner*, 127 F.2d 214, 215 (10th Cir.), *cert. denied*, 317 U.S. 645 (1942).

where there is no suspect class or fundamental right involved, we must uphold the classification if we find that it serves any of the purposes that are conceivably behind the statute in question, and that are within the powers of the Legislature to pursue. *Andrews* v. *Lathrop*, 132 Vt. 256, 259, 315 A.2d 860, 862 (1974).

■ The State in this case does not suggest any justification for withholding the exemption for post-1971 Vermont gifts from taxpayers who previously claimed their federal lifetime exemption while granting that exemption to those taxpayers who can be distinguished only by their refusal to make use of the federal exemption prior to 1971. Instead the State argues that there is no real discrimination here because "taxpayers with comparable total federal taxable gifts will incur the same Vermont gift tax whether the exemption is deducted before or after 1971." The example presented above demonstrates that this claim of the State is in error. The State confuses the two effects of the lifetime exemption. To the extent that claiming the exemption reduces the total federal taxable gifts and therefore lowers the rate of taxation (the rate rising as the amount of total federal taxable gifts rises), the State is correct. Two taxpayers making the same gifts will be subject to the same rate if both have claimed the exemption regardless of when each claimed it. However, the claiming of the exemption also places $30,000 beyond the reach of the taxing authority in the year or years in which the exemption is claimed. If a taxpayer is able to take his exemption after 1971, he escapes the grasp of the State taxing authority as well as the federal. If the taxpayer exercised his right to claim the exemption before 1971, as did appellant in this case, he is denied the opportunity to exempt any gifts from the State gift tax.

We must still decide if any of the purposes of the Vermont gift tax scheme are served by this apparent discrimination between taxpayers. In its general discussion of appellant's equal protection claims, the State relies on *Wheeler* v. *State, supra,* 127 Vt. 361, 249 A.2d 887, in which we held that taxpayers with similar Vermont taxable incomes could be taxed at different rates because their differing federal taxable incomes indicated differences in their respective "ability to pay."

However, we cannot see in this case how the pre-1971 claim of an exemption indicates that a taxpayer such as appellant has a greater ability to pay than a taxpayer making similar gifts who, though he could have taken the exemption, chose not to. It is just as likely if not more likely that the taxpayer choosing not to claim the exemption would have the greater ability to pay.

The State also relies on the ease of administration—both from the point of view of the taxpayer and the State—which adheres in the Vermont gift tax scheme. We fail to see how the discriminatory treatment of appellant in regard to the $30,000 exemption serves the purpose of ease of administration. Nor is it enough to say that to treat the appellant fairly would have added complexity to the statute. See *Stewart Dry Goods Co.* v. *Lewis,* 294 U.S. 550, 560 (1935). The differing treatment with respect to the lifetime exemption seems to us to be exactly the kind of arbitrary discrimination which is proscribed by the equal protection clause of the United States Constitution. We hold that insofar as it extends the $30,000 exemption from the Vermont gift tax to some taxpayers while withholding it from appellant, the Vermont gift tax denies equal protection and is therefore unconstitutional.

We now consider the argument that the use of annual federal gift tax liability in calculating Vermont liability results in discrimination between appellant and another taxpayer with comparable post-1971 Vermont taxable gifts who made less pre-1971 taxable gifts. This differing treatment results because the method used in computing federal gift tax liability is designed so that the effective rate of taxation on gifts made in a particular year rises as the total amount of federal taxable gifts made since 1932 rises. Since the Vermont gift tax is a flat thirty percent of the federal tax (assuming all federal gifts for the year were Vermont gifts), the Vermont "rate of taxation" is directly determined by the federal rate and therefore by past as well as present federal taxable gifts.

Again we must ask whether this differing treatment serves a permissible legislative purpose. *Andrews* v. *Lathrop, supra,* 132 Vt. at 259, 315 A.2d at 862. We think that one of the purposes of the Vermont estate and gift tax law enacted

in 1970 was to collect revenue for the State through a comprehensive scheme to prevent the untaxed transfer of wealth. In setting up such a scheme for the collection of revenue, the Legislature may vary the rates of taxation to which taxpayers are subject according to the relative ability of the taxpayers to pay. *Wheeler* v. *State, supra,* 127 Vt. at 365, 249 A.2d at 890. Ability to pay income taxes for a given year may be indicated by a taxpayer's total income—Vermont and non-Vermont—for that particular year. *Id.* It is conceivable that in enacting the gift tax the Legislature concluded that the value of all gifts given by a taxpayer indicates his ability to pay tax on current gifts. Appellant argues that the value of past gifts does not indicate present ability to pay. Such a judgment is for the Legislature to make. We cannot say that this means of determining the rate of taxation is so unrelated to the permissible purpose of taxing according to ability to pay that it is arbitrary and capricious. We hold that the use of federal gift tax liability in computing Vermont gift tax liability, although classifying taxpayers according to past activity, is reasonable and does not result in a denial of equal protection.

## III.

In his third argument appellant again challenges the constitutionality of the use of past gifts to determine the current rate of taxation, on the ground that this aspect of the gift tax law is unconstitutionally retroactive. Appellant also challenges Vermont's treatment of the federal $30,000 exemption on this ground, but since we have held that aspect of the gift tax law unconstitutional as a denial of equal protection, *supra,* we need not consider it here.

■■ A retroactive law is one which attributes consequences to situations existing or transactions taking place before the law went into effect. Ballard, *Retroactive Federal Taxation,* 48 Harv. L. Rev. 592 (1935). A taxing scheme may be retroactive without being unconstitutional. *Welch* v. *Henry,* 305 U.S. 134, 146 (1938). "In each case it is necessary to consider the nature of the tax and the circumstances in which it is laid before it can be said that its retroactive application

is so harsh and oppressive as to transgress the constitutional limitation." *Id.* at 147.

Appellant argues that the Vermont gift tax as applied to him is in practical effect a tax on prior gifts. Relying on this characterization, he cites the cases of *Blodgett* v. *Holden,* 275 U.S. 142 (1927), and *Untermeyer* v. *Anderson,* 276 U.S. 440 (1928). In these cases the Court invalidated a congressional attempt to tax gifts made prior to the enactment of the federal gift tax. However, the case at bar is distinguishable from *Blodgett* and *Untermeyer, supra.* In those cases the challenged gift tax was directly imposed on gifts made prior to the enactment of the gift tax law. Having made these gifts, the taxpayer was given no choice but to pay the tax. Here the State has not taxed the appellant on gifts made prior to 1971. Under the Vermont gift tax law, pre-1971 gifts affect the rate at which post-1971 gifts will be taxed, but they are not themselves subjected to a tax.

While this difference undermines the argument that *Blodgett* and *Untermeyer, supra,* are controlling, it does not dispose of appellant's claim. We agree that the Vermont tax scheme has a retroactive element, because it attributes consequences to the making of gifts prior to 1971. The consequence which is decreed is the raising of the rate of taxation on gifts made after 1971. We must ask if the burden placed on appellant here is so harsh and oppressive that it constitutes a denial of due process.

The harshness and oppressiveness of retroactive taxation depends on two factors: the degree to which the taxpayer is surprised by the law attributing consequences to his past conduct, *Blodgett* v. *Holden, supra,* 275 U.S. at 147, and the likelihood that the taxpayer would have altered that conduct if he had foreseen the retroactive features of the challenged law. *Welch* v. *Henry, supra,* 305 U.S. at 147–48. Under these criteria appellant has not demonstrated sufficient oppressiveness to require us to declare the gift tax law unconstitutional.

Although we must assume that appellant was "surprised" by the retroactive features of the Vermont gift tax in 1970, it is unlikely that foreknowledge would have altered appellant's conduct with respect to his pre-1971 gifts. This is best illustrated if we examine the options which would have

been open to appellant had he been aware, at any time prior to 1971, of the Vermont gift tax scheme to become applicable in that year. Appellant could have altered his pre-1971 gift-giving conduct in one of two ways.[5] He could reduce the amount of gifts given, thereby reducing the effective rate of taxation to which his post-1971 Vermont gifts would be subject. Alternatively, he could increase the amount of gifts given prior to 1971. This conduct (if the increased amount given represented gifts that otherwise might have been given after the effective date of the Vermont gift tax) would reduce the amount of post-1971 gifts subject to the Vermont tax. We do not find credible either of these suggested alternate modes of conduct.

In order for appellant's contention that his conduct would have been altered by foreknowledge of the statute to be persuasive on the issue of retroactive unconstitutionality, his suggested alternate conduct must be attributable to the retroactive feature of the statute. The retroactive feature challenged here is the use of pre-1971 gifts to determine appellant's post-1971 rate of taxation. Appellant's hypothetical decision to reduce his pre-1971 gifts could be attributable to the retroactive feature of the statute only if he anticipated giving gifts after 1971. If he did not intend to give post-1971 gifts, he could not be concerned about his post-1971 rate of taxation. Under these circumstances, he could not say that he would have been moved to reduce his pre-1971 giving by the knowledge that his post-1971 rate of taxation would be lower.

If appellant *did* anticipate giving post-1971 gifts, it is still not believable that he would have reduced his pre-1971 gift giving in order to keep low his post-1971 rate. This is because every dollar which we are to suppose he would have delayed giving prior to 1971 would be taxed at the same rate after 1971 by the federal government and *additionally* by the State of Vermont. It clearly would have been to appellant's advantage to give away as much as he could before 1971.

---

[5] Appellant's hypothetical "altered conduct" might also have included different use of his $30,000 federal exemption. However, such a possibility would be relevant only to the constitutionality of Vermont's treatment of that exemption, an issue which we have already resolved.

Moreover, the argument that appellant might, armed with foreknowledge, have given a larger amount of gifts prior to 1971 is also unavailing. In opting for this alternate conduct, appellant would have been moved not by the fact that his post-1971 rate of taxation would depend on his pre-1971 giving, but rather by his foreknowledge of Vermont's general intention to tax gifts made after 1971. This suggested alternate conduct—completing transactions before they become taxable—would be induced by foreknowledge of any taxation law, even though not retroactive. Foreknowledge of the effect attributed by the Vermont gift tax to his pre-1971 gift giving would not have been a reason for appellant to increase that pre-1971 giving, for by giving more appellant would have increased his post-1971 tax rate, the consequence of which he complains. The fact that foreknowledge of other, non-retroactive, features of the gift tax might have induced this change in appellant's conduct is not persuasive on the issue of retroactive unconstitutionality. Thus we do not find that knowledge of the Vermont gift tax to be enacted would have altered appellant's gift giving plans prior to 1971.

Finally, we think that the distinction between this case and the *Untermeyer* and *Blodgett* cases, discussed *supra,* brings the Vermont gift tax law out of the arena of unconstitutional retroactivity. Here the appellant had a choice whether or not to incur any Vermont gift tax at all. He could have decided not to give gifts after 1971, or to give gifts of lesser value. Appellant argues that there is really no difference between directly taxing his past conduct and, as Vermont has done here, using that past conduct to determine what burden shall be placed on his present conduct. A similar argument was accepted by the Supreme Court of Ohio in *Lakengren, Inc.* v. *Kosydar,* 44 Ohio St. 2d 199, 339 N.E.2d 814 (1975). In that case a corporate franchise tax was challenged on the ground of unconstitutional retroactivity. The tax rate for a given year was determined by reference to corporate earnings of the previous year. The taxpaying corporation challenged the statute in its first year of operation as being based on events transpiring before the effective date of the statute. The

Ohio court agreed, holding the statute unconstitutional.[6] The court found that the choice of paying the tax or ceasing to do business was really no choice at all. But we think the differences between the burdens placed on the Ohio taxpayer and appellant here justify different results. In *Lakengren, Inc.* v. *Kosydar, supra,* the tax was imposed on a going business with its attendant investment of time and money. If the taxpayer in that case had avoided the tax by going out of business, much of that past investment would have been wasted. In the case before us there has been no such investment. The fact that after 1971 it became more expensive for appellant to transfer wealth does not render his earlier gifts ineffective, nor does it greatly interfere with any comprehensive series of transactions, depriving the pre-1971 acts of value which would only have accrued at a later (post-1971) date.

Courts should be reluctant to strike down revenue-collecting statutes on grounds of denial of due process unless the statutes are arbitrary. *Wagner* v. *Baltimore,* 239 U.S. 207, 215–16 (1915). We have stated in Part II of this opinion that we do not find the use of past gifts to determine the current rate of taxation to be unconstitutionally arbitrary. Nor, for the reasons stated in this Part III, do we find this retroactive aspect of the Vermont gift tax law to be particularly harsh and oppressive. We therefore hold that the use of past federal gifts in computing the rate of taxation on current Vermont gifts is not a denial of due process of law.

## IV.

The question remains whether the equal protection problems arising from the denial to appellant of a lifetime exemption applicable to Vermont gift taxes renders the whole gift tax structure infirm, or whether we can fashion a remedy which nullifies this unconstitutional aspect of the gift tax law while preserving the rest. 1 V.S.A. § 215 provides in relevant part:

> If any provision of an act is invalid, or if any application thereof to any person or circumstance is invalid, the

---

[6] Ohio's constitution has an express provision prohibiting any retroactive law.

invalidity shall not affect other provisions or applications which can be given effect without the invalid provision or application.

We think we can provide guidance in the application of these statutes which will enable appellee to lawfully carry out the legislative intent of taxing gifts and estates in a coordinated manner, with reference to the federal laws governing those subjects.

■■■ We have held that the Vermont gift tax law denies equal protection because its effect is to grant a $30,000 exemption from Vermont gift taxes to some taxpayers but not to appellant. Appellant must therefore be allowed to recompute his Vermont gift tax liability. In this recomputation the taxpayer shall be allowed to apply the amount of the exemption taken for the years prior to 1971 ($30,000) against post-1971 Vermont gifts. After reducing the amount of gifts given in 1971 or 1972 by the amount of the exemption now available, a hypothetical federal gift tax liability should be computed with reference to the federal gift tax laws as in effect in the year for which the gift tax is being recomputed. For purposes of this part of the recomputation, the amount of the $30,000 taken prior to 1971 should be added back into the "aggregate sum of taxable gifts." 26 U.S.C. § 2502 (1970). This is required because otherwise appellant would receive the rate-reducing benefits of the exemption twice. The actual Vermont gift tax liability should be based on this hypothetical federal gift tax liability and calculated in accordance with 32 V.S.A. § 7412.

*This case is reversed and remanded for further proceedings in accordance with the instructions set out in this opinion. Counsel have stipulated that the 1973 gift tax paid by the appellant shall be subject to the ruling of the Court in this opinion and the Court so orders.*