## Colchester Fire District No. 2 v. Gerald Sharrow

[485 A.2d 134]

No. 83-427

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed October 26, 1984

*William G. Congleton,* Essex Junction, for Plaintiff-Appellee.

*Paul R. Morwood,* Burlington, for Defendant-Appellant.

**Underwood, J.** Plaintiff brought suit to recover monies allegedly owed on account of unpaid revenue bond assessments for the years 1973 through 1979. The case was decided by the court on oral testimony and an agreed statement of facts with two exhibits attached. Defendant appeals from the decision of the Chittenden Superior Court awarding plaintiff $2,827.50 plus interest and costs. On appeal, the central issue involves the validity of a regulation by which plaintiff assesses revenue bond payments.

Plaintiff fire district is a municipal corporation within the town of Colchester, Vermont; defendant is a resident of Colchester and a water user in the district. Plaintiff renders its bill quarterly. In one and the same bill it charges its customers a fee based on water consumption and a separate amount for retirement of the capital debt incurred when the district was formed. The latter are the so-called revenue bond payments. There is no dispute about the water consumption fee, and the parties agree that plaintiff has applied its revenue bond pay-

ment assessment consistently since the water district was organized.

Plaintiff assesses one revenue bond payment for each separate building containing a flush toilet. Defendant owns twelve separate cottages, a residence and an apartment building, all of which are served by the plaintiff. Defendant is assessed one bond payment for his residence and one for his apartment building; the apartment building contains several units. Plaintiff assessed twelve bond payments for defendant's twelve cottages. If the cottage units were all contained in one building, under one roof, like a motel, only one bond payment would be assessed. Even though defendant's apartment building has several units, it is assessed only one bond payment. A condominium, however, is assessed only one bond payment before any units are sold, but each unit is assessed a separate payment when sold because of the multiplicity of ownership.

Bond payment assessments bear no relationship to the amount of water used by each customer: large consumers with one building pay one bond assessment while small consumers with more than one building pay multiple bond assessments. Thus, there is no direct relationship between the number of revenue bond payments assessed and the expected deterioration caused to the capital facilities by each user. Finally, this billing procedure is the same for multi-building and single-building accounts.

Regulation 33 of plaintiff's Rules and Regulations provides, in relevant part, that "[a]ny camp, cottage or other separate building of any kind that has a flush toilet, using District 2's water, for living purposes or business, will be considered a separate water consumer and shall pay the current Government Loan payment quarterly when bills are due." Defendant claims that Regulation 33 constitutes "unjust discrimination" against him and also violates his rights under the equal protection clause of the fourteenth amendment to the United States Constitution.

Defendant's claim of "unjust discrimination" appears to be based upon the following language from *Hall* v. *Village of Swanton*, 113 Vt. 424, 427–28, 35 A.2d 381, 384 (1944):

The fact that a public service system is owned by a municipal corporation does not affect the rule that there must

> be no unjust discrimination and that the commodity must be furnished to each and every citizen or resident who needs the commodity sold or the service given. After rates for electricity have been lawfully fixed . . . they must be adhered to; and neither higher nor lower rates may be charged than those specified.

(Citations omitted.) *Hall* v. *Swanton* involved alleged discrimination in the rates charged for *use* of electricity and the appropriateness of an injunction as the proper remedy. As previously noted, the defendant here does not dispute the charge for *use* of water.

Claims of "unjust discrimination" in cases involving the provision or cost of municipal services have been analyzed under the equal protection clause of the federal constitution. *Oradell Village* v. *Township of Wayne,* 98 N.J. Super. 8, 235 A.2d 905 (Ch. Div. 1967), *aff'd,* 101 N.J. Super. 403, 244 A.2d 513 (App. Div. 1968), *aff'd,* 53 N.J. 496, 251 A.2d 441 (1969) ; *Oklahoma City Hotel & Motor Hotel Association, Inc.* v. *Oklahoma City,* 531 P.2d 316, 321 (Okla. 1974) ; *Kliks* v. *Dalles City,* 216 Or. 160, 164, 335 P.2d 366, 368 (1959). Other courts have analyzed such claims under tests which are analogous to those applied in cases involving equal protection claims. See, e.g., *Town of Taylorsville* v. *Modern Cleaners,* 34 N.C. App. 146, 237 S.E.2d 484 (1977) ; *Strahan* v. *City of Aurora,* 38 Ohio Misc. 37, 311 N.E.2d 876 (1973) ; *Knotts* v. *Nollen,* 206 Iowa 261, 218 N.W. 563 (1928). An analysis of defendant's claim of "unjust discrimination" is best accomplished under an equal protection analysis; a separate analysis would constitute unnecessary duplication. Thus, we treat defendant's challenge to the bond assessment on the basis that the charge is violative of his rights under the equal protection clause of the federal constitution.

■ Where, as here, no fundamental right or suspect class is involved, challenges under the equal protection clause are reviewed by the "rational basis" test. *Pabst* v. *Commissioner of Taxes,* 136 Vt. 126, 132–33, 388 A.2d 1181, 1185 (1978) (citing *Andrews* v. *Lathrop,* 132 Vt. 256, 259, 315 A.2d 860, 862 (1974) ). Under what this Court has termed " 'the minimum scrutiny of the so-called "rational basis test," ' " *Lever-*

*son* v. *Conway,* 144 Vt. 523, 529, 481 A.2d 1029, 1033 (1984) (citations omitted), there will be a " 'determination of unconstitutionality only where the relevant law classifies similar persons for different treatment upon wholly arbitrary and capricious grounds. . . . Where the classification rests upon "some reasonable consideration of legislative policy," it will not be unconstitutional.' " *Id.* (quoting *Hadwen, Inc.* v. *Department of Taxes,* 139 Vt. 37, 42, 422 A.2d 255, 258–59 (1980)). "[I]f any reasonable policy or purpose for the legislative classification may be conceived of, the enactment will be upheld." *Andrews, supra,* 132 Vt. at 259, 315 A.2d at 862 (citing *Allied Stores of Ohio, Inc.* v. *Bowers,* 358 U.S. 522, 526 (1959)).

 Defendant does not challenge the purpose of plaintiff's ordinance; clearly, plaintiff's plan to retire its capital debt is a legitimate purpose. Thus, we are left with defendant's assertion that plaintiff's individual assessment of revenue bond payments upon separate buildings containing flush toilets bears no rational relationship to the purpose of retiring the debt. We agree.

 In an action challenging a legislative enactment on the basis of equal protection, "[o]ne who seeks to void [such an enactment] on equal protection grounds undertakes a very weighty burden." *Governor Clinton Council, Inc.* v. *Koslowski,* 137 Vt. 240, 245, 403 A.2d 689, 693 (1979). "In any aspect a rate ordinance is presumed to be reasonable and valid, until the contrary is shown." *Lewis* v. *Mayor & City Council of Cumberland,* 189 Md. 58, 67, 54 A.2d 319, 323 (1947). In the present case, the discrimination of which the defendant complains is clear on the face of the bond assessment plan, as set forth in Regulation 33. There is a separate classification based upon whether multiple flush toilets are contained in a single or in separate buildings. Once the classification has been shown to exist, and its effect on the complaining party made clear, the municipality must then justify that classification.

In reviewing tax schemes challenged under the equal protection clause, "[o]ur cases require 'only that the classification or distinction rest on a real, unfeigned difference; have some relevance to the legislative purposes; *and* lead to a difference

in treatment which is not so disparate as to be wholly arbitrary.' " *Governor Clinton Council, supra,* 137 Vt. at 246, 403 A.2d at 693 (quoting *Vermont Motor Inns, Inc.* v. *Town of Hartford,* 134 Vt. 52, 55, 350 A.2d 369, 371 (1975)) (emphasis added). Although a municipality bears what may be considered a minimal burden in overcoming an equal protection challenge, we are unable to find that the plaintiff has met that burden.

■ Plaintiff has set forth two rationales for the bond assessment plan. First, it alleges that the plan is easy to police. Although this could be an acceptable ground, the facts of the present case simply do not support this basis. The defendant added twelve cottage units onto plaintiff's water system in 1973. This was accomplished without the notice required by plaintiff's regulations. Plaintiff did not become aware of these additional water taps until 1979. The fact that defendant's taps went unnoticed for six years belies the existence of any effective policing system. Certainly the complained of classification did not aid in the policing of plaintiff's system.

■ Plaintiff also states that the bond assessment plan contributes to the ease of administering the system. The record indicates, however, that plaintiff's billing system combines the bond assessment and water usage bills into a single account billing system. Given the unified billing system, there appears no support for plaintiff's contention that the bond assessment plan in fact contributes to the ease of administration. See *Pabst, supra,* 136 Vt. at 134, 388 A.2d at 1185.

This Court has held that a tax classification must be "based upon a difference having a substantial relationship to the object of the legislation." *Vermont Motor Inns, supra,* 134 Vt. at 56, 350 A.2d at 371 (citing *Louisville Gas & Electric Co.* v. *Coleman,* 277 U.S. 32 (1928)). Other courts have held that difference in classification must be based upon differences which have a "reasonable relationship to the purpose for which the classification is made." *Kliks, supra,* 216 Or. at 178, 335 P.2d at 374; see also *Taylorsville, supra,* 34 N.C. App. at 149, 237 S.E.2d at 486; *Oklahoma City, supra,* 531 P.2d at 319. Plaintiff in the present case has failed to show any plausible rela-

tionship between the method of bond assessment and its alleged purposes for instituting such a plan.

*Reversed; judgment entered for defendant.*