WALTER G. RICKS AND WIFE, MARIE RICKS, PLAINTIFFS v. TOWN OF SELMA, DEFENDANT

No. 8911SC948

(Filed 19 June 1990)

1. **Municipal Corporations § 4.4 (NCI3d) — sewer system — charge for services available but unused permissible**

    A city's power to set rates for services furnished by a sewer system includes the power to charge for services available but not received. N.C.G.S. § 160A-314(a).

    **Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 569, 573, 574.**

2. **Municipal Corporations § 4.4 (NCI3d) — sewer system — classification of customers discriminatory**

    A town ordinance which provided for a charge for water and sewer services available but unused was discriminatory where a customer receiving both water and sewer services and a customer receiving only water services paid a fee apart from usage for sewer service, but for the water and sewer customer, the fee for sewer service unconnected to use was one flat fee, while the customer who received only water service paid one flat fee *per unit* for sewer service unconnected to use.

    **Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 569, 573, 574.**

APPEAL by plaintiffs from judgment entered 10 April 1989 by *Judge Howard E. Manning, Jr.* in JOHNSTON County Superior Court. Heard in the Court of Appeals 13 March 1990.

This is an appeal from an order upholding the validity of an ordinance entitled "Multiple Service Meters Ordinance and Rate Schedule" which states the following:

> When more than one housekeeping and/or business establishment is serviced through the same water and/or sewer meter, the following rates and policies will apply:
>
> A. *Water Fee Structure*: If water is metered then the current 1,000 gallon rate will be applied, plus one flat fee.
>
> B. *Sewer Rate Structure*: If sewer service is received, the current 1,000 gallon rate will be applied plus one flat fee.
>
> C. *Absence of Either Water or Sewer Service*: If due to economical, or physical limitations, a customer does not receive one of the above-mentioned services, (water/sewer) then the following rates will apply:
>
> 1) *For services not received, but available, (water and/or sewer)*: The minimum charge will be applied on a per unit basis. Example: 42 units: 42 times flat fee.

Selma, N.C., Code Section 13.20.020 (enacted 13 September 1983). The case was tried on the basis of the following stipulated facts: Plaintiffs own and operate a mobile home park in the Town of Selma and have done so for at least twenty years. The Town of Selma annexed plaintiffs' property containing the mobile home park on 1 July 1978. Prior to annexation, and from the date of annexation until 1983, plaintiffs provided water and sewer services to the mobile home park by private wells and septic tanks constructed at plaintiffs' expense. Both water and sewer service from the Town of Selma were available to plaintiffs' property. On 27 April 1983, plaintiffs tapped onto the municipal water service, but plaintiffs have never connected any of their 41 housing units to the municipal sewer system. Plaintiffs have made payments to defendant Town of Selma for the sewer services that were available, but not received, under Section 13.20.020. Another ordinance, entitled "Sewer Connections," provides:

> Sewer System Connection required. All owners of improved property which is located near a line of the sewer system of the Town shall install and connect with such sewer system all toilets, bathtubs, sinks and sanitary drains upon their property so that the contents empty into said sewage system.

Selma, N.C., Code Section 13.08.010 (enacted 14 September 1965).

The case was tried before the court without a jury. In its judgment, the court concluded that Section 13.20.020 was a valid exercise of the town's statutory authority and that plaintiffs had not shown discrimination in the town's exercise of that authority. From this judgment, plaintiffs appeal.

*Charles E. Hester, Jr. for plaintiff appellants.*

*Spence and Spence, by Robert A. Spence, Sr. and E. Craig Jones, Jr., for defendant appellee.*

ARNOLD, Judge.

[1] Plaintiffs first assign error to the trial judge's conclusion that Section 13.20.020, setting rates for either water or sewer service available but not received, was a valid exercise of the statutory authority granted to the town under N.C. Gen. Stat. § 160A, Article 16. We disagree. The town possessed sufficient statutory authority to set an availability charge for water or sewer service available but not received.

As of 13 September 1983, the date this ordinance was enacted, neither our courts nor legislature had addressed the question before us. However, in 1989, the General Assembly passed an amendment to N.C. Gen. Stat. § 160A-317 granting cities the authority to require payment of a periodic availability charge as an alternative to requiring connection to a sewer collection line and to avoid hardship. The amendment took effect 8 August 1989 and does not therefore resolve the question ·before us.

Since the authority to set an availability charge was not explicit in Chapter 160A before the amendment to N.C. Gen. Stat. § 160A-317, we must determine whether those grants of power given to cities in Chapter 160A should be construed to include the supplementary power to set availability charges. Grants of power are to be broadly construed to include any additional and supplementary powers necessary or expedient to effectuate the grants of power, with the condition that the exercise of the additional or supplementary powers not be contrary to law or public policy. N.C. Gen. Stat. § 160A-4.

N.C. Gen. Stat. § 160A-314(a) grants cities the power to establish rates "for the use of or the services furnished by any public enter-

prise." "Public enterprise" includes "[w]ater supply and distribution systems" and "[s]ewage collection and disposal systems of all types, including septic tank systems." N.C. Gen. Stat. § 160A-311(2), (3). The question before us is specifically whether making sewer service available is "furnishing a service" within the meaning of the statute. Plaintiffs argue that a city's power to set rates "for the use of or the services furnished by" a water or sewer system should be limited to charging for actual use, not mere availability. We disagree and find that by making sewer service available, a city has furnished a service, thus authorizing it to set a rate for this service. We construe the statutory language in this way because of the powers granted to a city with regard to providing water and sewer service, and the policies involved, it is "expedient," see N.C. Gen. Stat. § 160A-4, to allow a city the supplementary power to charge for service available but not received.

First, Chapter 160A, Article 4A, entitled "Extension of Corporate Limits," sets out the policies and procedures with regard to a city's power to annex. One policy underlying annexation is "to provide the high quality of governmental services needed . . . for the public health, safety and welfare." N.C. Gen. Stat. §§ 160A-33(3), 160A-45(3). Before a city may exercise its annexation power it must submit a report outlining its plan to extend to the future residents the major municipal services available to current municipal residents. N.C. Gen. Stat. §§ 160A-35(3), 160A-47(3). Sewer service is a major municipal service. See N.C. Gen. Stat. §§ 160A-35(3)b, 160A-47(3)b.

Second, a city has the power to build, enlarge and operate a sewage system, N.C. Gen. Stat. § 160A-312, as well as to make special assessments against benefited property for building or extending a sewage system. N.C. Gen. Stat. § 160A-216(4).

Further, a city has the power to require that owners of improved property within the city limits, and within a reasonable distance of a sewer collection line, connect their premises with the sewer line, and may set a charge for that connection. N.C. Gen. Stat. § 160A-317.

In sum, when a city exercises its annexation power, it must extend sewer service into the annexed area if it provides that service within the pre-annexation city limits. The city then has authority to extend the system into the annexed area and to finance the cost of this construction with assessments against the benefited

property. Once the system is complete, the city has the power to require certain property owners to connect to the sewer line and to charge them a connection fee.

Property owners outside the city limits often dispose of their sewage through private septic tanks. In this case, plaintiffs had constructed and maintained private septic tanks for their mobile home park at their own expense. When an area is annexed and sewage services extended, those services may not be needed or desired by those new residents who have septic tanks. It is therefore practical to allow residents with septic tanks an alternative to connecting to the sewer system that does not offend any law or public policy. An availability charge is such an alternative.

Construing the rate-setting authority in N.C. Gen. Stat. § 160A-314 broadly to include the power to charge for services available but not received is not contrary to law or public policy. See N.C. Gen. Stat. § 160A-4. First, the city's interest in public health is not compromised. The city can extend sewer service into the annexed area, providing the "high quality of governmental services needed therein for the public health, safety and welfare." See N.C. Gen. Stat. §§ 160A-33(3), 160A-45(3). Those residents who do not connect to the sewer system and continue to rely on septic tanks can be regulated to ensure that the septic tanks do not present a public health hazard. Second, the financial soundness of the city's sewer system is not threatened. The city can finance the construction of the sewer system construction by making special assessments against the benefited property under N.C. Gen. Stat. § 160A-216(4). The availability charge can cover those costs of operating the system that are not tied to actual use. Third, the property owners' interest in getting a return on their investment in a septic system is respected. Therefore, we hold that a city's power to set rates for services furnished by a sewer system includes the power to charge for services available but not received.

[2]  Plaintiffs next assign error to the trial judge's conclusion that they did not show discrimination in the town's exercise of its authority to set an availability charge. The ordinance in question applies to multiple unit establishments serviced through the same water and/or sewer meter. A customer who uses both water and sewer service pays 1) one flat fee for water, 2) a usage rate for water, 3) one flat fee for sewer, and 4) a usage rate for sewer. A customer who uses only one of the two available services pays 1) one flat

fee for the service received, 2) a usage rate for the service received, and 3) for the service available but not received, one flat fee *for each unit in the establishment*. Plaintiffs argue that the charge for the service available but not received is discriminatory. We agree.

Section 160A-314(a), which grants cities the authority to establish rates, also provides: "Schedules of rents, rates, fees, charges, and penalties may vary according to classes of service . . . ." A public utility, whether publicly or privately owned, may not discriminate in the establishment of rates. *Town of Taylorsville v. Modern Cleaners*, 34 N.C. App. 146, 148, 237 S.E.2d 484, 486 (1977) (citations omitted). The statutory authority of a city to set rates for its services and to classify its customers is not a license to discriminate among customers of essentially the same character and services. *Id.* at 149, 237 S.E.2d at 486. Section 160A-314(a) must be read as a codification of the general rule stated in 12 McQuillin, *Municipal Corporations* § 35.37(b), at 621 (3d ed. 1986):

> A municipality has the right to classify consumers under reasonable classifications based upon such factors as the cost of service, the purpose for which the service or the product is received, the quantity or the amount received, the different character of the service furnished, the time of its use or any other matter that presents a substantial difference as a ground for distinction.

*See Taylorsville* at 149, 237 S.E.2d at 486. Rates may be fixed in view of dissimilarities in conditions of service, but there must be some reasonable proportion between the variance in the conditions and the variances in the charges. *Id.*, quoting *Utilities Commission v. Mead Corp.*, 238 N.C. 451, 465, 78 S.E.2d 290, 300 (1953). The burden of proof is on the party claiming that a rate-setting ordinance is unreasonable or discriminatory. 12 McQuillin § 35.37(a) at 617.

Applying these principles to the present case, we hold that the charge for services available but not received is discriminatory. Plaintiffs receive water service only, although sewer service is also available. Customers who receive water and sewer services, and customers like plaintiffs, who receive only water services, pay a fee apart from usage for sewer service. For the customer receiving both water and sewer services, the fee for sewer service that is unconnected to use is one flat fee. For the plaintiffs, whose mobile home park contains forty-one units, the fee for sewer service

that is unconnected to use is forty-one flat fees, or one flat fee per unit. Plaintiffs argue, and we agree, that the variance in circumstances between a customer receiving both services and a customer receiving only water does not justify the variance in the charge unconnected to use for sewer service.

Defendant Town of Selma presented no justification for the difference in charges. Section 13.08.010 requires owners of improved property near a sewer line to connect with the sewage system. An availability charge, according to the language of Section 13.20.020, is designed as an alternative to mandatory connection "[i]f due to economical, or physical limitations, a customer does not receive one of the above-mentioned services, (water/sewer) . . . ." Although the ordinance purports to recognize a customer's economic or physical limitations, the amount of the availability charge virtually coerces a property owner to abandon their private waste disposal arrangement and connect to the municipal sewer system. Once a municipality has exercised its authority to set an availability charge as an alternative to requiring connection, it must set a reasonable availability charge, not one that is in effect a weapon to coerce connection.

The order is affirmed to the extent that it concluded that defendant Selma had the statutory authority to set an availability charge, but is reversed to the extent that it concluded that Section 13.20.020 was not discriminatory.

Affirmed in part, reversed in part.

Judges LEWIS and DUNCAN concur.