## Randall and Susan SCHIEVELLA v. DEPARTMENT OF TAXES

[765 A.2d 479]

No. 99-385

October 23, 2000. Plaintiffs Randall and Susan Schievella appeal from the Washington Superior Court's order dismissing their complaint under V.R.C.P. 12(b)(6) for lack of standing. The complaint challenged the constitutionality of the income definition and eligibility requirements of the Homestead Property Tax Income Sensitivity Adjustment, 32 V.S.A. § 6061 et seq., as arbitrary and discriminatory. On appeal, plaintiffs argue that they have standing to challenge provisions of the statute and that their complaint states a claim upon which relief can be granted. We affirm.

Plaintiffs filed a complaint in Washington Superior Court against the State of Vermont and the Vermont Tax Commissioner seeking declaratory and injunctive relief. According to their complaint, plaintiffs are Vermont residents whose property qualifies as homestead property under 32 V.S.A. § 5401(7). Effective January 1, 1998, Vermont adopted a statewide property tax as part of the funding for local education, and further adopted a "circuit breaker" that limits the statewide property tax on homestead property to 2% of income for taxpayers with household incomes under $75,000 per year. Plaintiffs challenged how income is computed for purposes of the 2% limit and further challenged the $75,000 income limit on eligibility. They state in their complaint: "If plaintiffs were allowed to make use of the two percent exemption and were not taxed on income from United States government securities they would be paying less of the statewide property tax." This is the only allegation that details how they are affected by the provisions of the statute they challenge.

The State subsequently filed a motion to dismiss plaintiffs' complaint, arguing that the complaint failed as a matter of law because plaintiffs had failed to allege facts sufficient to give them standing to challenge the statute. The trial court agreed and dismissed the complaint on the ground that plaintiffs lacked standing.

When reviewing a trial court's grant of a motion to dismiss under Rule 12(b)(6), this Court assumes that the factual allegations contained in the complaint are true. See *Association of Haystack Property Owners, Inc. v. Sprague*, 145 Vt. 443,

444, 494 A.2d 122, 123 (1985). Although we normally are reluctant to dismiss a cause of action on the pleadings, see *id.* at 446-47, 494 A.2d at 125, in the present case, plaintiffs face a heavy burden because they must overcome the presumption that the law is constitutional and demonstrate that there is no set of facts or circumstances that support the legislative classifications at issue. See *Madden v. Kentucky*, 309 U.S. 83, 88 (1940); *In re Property of One Church Street*, 152 Vt. 260, 266, 270, 565 A.2d 1349, 1352, 1354 (1989).

This Court has adopted the constitutional and prudential components of the standing doctrine enunciated by the United States Supreme Court. See *Hinesburg Sand & Gravel Co. v. State*, 166 Vt. 337, 341, 693 A.2d 1045, 1048 (1997). The constitutional component of the standing doctrine requires plaintiffs to demonstrate an injury in fact, a causal link between the injury and the challenged provision, and redressability. See *id.*; see also *Richards v. Town of Norwich*, 169 Vt. 44, 49, 726 A.2d 81, 85 (1999). In addition, plaintiffs' complaint must fall within the "zone of interest" protected by the law they invoke, and they are prohibited from raising the rights of others or general grievances. *Hinesburg*, 166 Vt. at 341, 693 A.2d at 1048.

The only allegation in plaintiffs' complaint that may demonstrate injury in fact is the statement that plaintiffs would be eligible for a reduction in their property taxes under the Homestead Property Tax Income Sensitivity Adjustment if the income eligibility ceiling of $75,000 were eliminated and income that is tax exempt under federal law were not counted in determining plaintiffs' income for purposes of the adjustment. We conclude these allegations are sufficient to give plaintiffs standing to attack these two aspects of the statutory scheme providing that they succeed in showing both are unconstitutional. As to the remaining challenges, the complaint does not allege that they would affect plaintiffs' property tax liability now or in the future. As to these, we agree with the superior court and hold that plaintiffs lack standing.

Although the superior court grounded its decision on lack of standing, defendant also argued that plaintiffs' complaint should be dismissed on the merits and have repeated this argument here. Plaintiffs have also addressed these arguments. Because it is dispositive, we choose to analyze the constitutionality of the $75,000 income ceiling. We do not reach plaintiffs' argument that the consideration of income that is exempt from federal income taxation is unconstitutional.

The Education Property Tax, commonly referred to as Act 60, imposes a statewide education tax on "all nonresidential and homestead property at a rate of $1.10 per $100.00 of equalized education property value," 32 V.S.A. § 5402(a), but allows for reduction for some taxpayers under chapter 154 of Title 32, the Homestead Property Tax Income Sensitivity Adjustment (the adjustment), see *id.* §§ 6061-6073. Under the adjustment as it existed at the time plaintiffs' filed their complaint, property owners with household income of less than $75,000, see *id.* § 6067(b)[1], may limit their property tax to either (1) 2% of household income, or (2) the amount of tax they

---

[1] The reference in the text is to the statute as it existed prior to the 1999 amendment. This amendment deleted § 6067(b), thus eliminating the eligibility ceiling. See 1999, No. 49, § 10. It added to § 6066(a)(1) a new group of eligible claimants with incomes of $75,000 or more, but reduced the adjustment if the homestead has a value over $ 160,000. See 32 V.S.A. § 6066(a)(1)(A). Since plaintiffs' challenge involves an earlier tax year, the change in the law is not relevant to this decision.

would have paid if their municipality had reduced the homestead's equalized value by $15,000, see *id.* § 6066(a)(1). Plaintiffs cannot take advantage of this adjustment because their household income exceeds $75,000. They claim this provision is unconstitutional under the proportional contribution clause of the Vermont Constitution, Chapter I, Article 9, because there is no rational basis for the distinction between taxpayers with household incomes of $75,000 or more and households with lower incomes. In plaintiffs' view, any household with a property tax obligation exceeding 2% will have difficulty paying property taxes, irrespective of income.

The proportional contribution clause of the Vermont Constitution, Chapter I, Article 9, imposes the same limits on the state's power to tax as does the equal protection clause of the Fourteenth Amendment to the United States Constitution. See *Burlington Electric Dep't v. Vermont Dep't of Taxes,* 154 Vt. 332, 337, 576 A.2d 450, 453 (1990). The limits are quite wide. Thus, reasonable schemes of taxation must have flexibility, and some difference of treatment between citizens is virtually inevitable. See *id.* at 338, 576 A.2d at 453; *Regan v. Taxation with Representation of Washington,* 461 U.S. 540, 547 (1983) ("Legislatures have especially broad latitude in creating classifications and distinctions in tax statutes."); *Allied Stores of Ohio, Inc. v. Bowers,* 358 U.S. 522, 526 (1959) ("The States have a very wide discretion in the laying of their taxes.").

Plaintiffs argue that the income ceiling is unconstitutional because it is arbitrary per se and also because the Legislature failed to take into account several factors such as the taxpayers' filing status, the number of dependents, the homestead's value, and the taxpayers' overall ability to pay the tax.[2] It is not this Court's function to pass upon the wisdom of the means chosen by the Legislature; our role is merely to decide whether in drawing distinctions the Legislature acted within constitutional bounds. See *One Church Street,* 152 Vt. at 267, 565 A.2d at 1352 (quoting *Andrews v. Lathrop,* 132 Vt. 256, 262, 315 A.2d 860, 863 (1974)). It is well settled that the Legislature may address a perceived evil one step at a time and is not required to take an all or nothing approach. See *Williamson v. Lee Optical of Oklahoma, Inc.,* 348 U.S. 483, 489 (1955). Moreover, granting tax relief based on the income of taxpayers is not irrational. See *Wheeler v. State,* 127 Vt. 361, 365-66, 249 A.2d 887, 890 (1969) (upholding constitutionality of Vermont's progressive income tax); *Miller v. Heffernan,* 378 A.2d 572, 576 (Conn. 1977) (taxing dividends of only those with adjusted gross incomes of $20,000 or more does not deny equal protection to higher income taxpayers); see also *Schweiker v. Hogan,* 457 U.S. 569, 590-91 (1982) (upholding constitutionality of federal legislation that granted benefits on basis of income).

The Legislature may have properly concluded that those persons with household incomes below $75,000 were, as a class, more in need of relief than those with higher incomes because the latter were more likely to afford property taxes without reducing spending on other necessities. Further, in drawing lines in a tax relief statute, the Legislature may consider how much revenue it can afford to lose in meeting its goals. See *Schweiker,* 457 U.S. at 590 (citing finite funding as valid reason to make classifi-

---

[2] In view of plaintiffs' limited standing we reach their claim that the income ceiling denies them equal protection of the laws, but not their claims that the definition of income is also unconstitutional. Plaintiffs' complaint does not claim that a different income definition would allow them to receive benefits.

cations based on need). It was not irrational for the Legislature to decide how much money it could afford to give in tax relief and then to draw a line based on income that would extend this relief to those it saw as more in need. See *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 365 (1973) (legislative decision to repeal personal property tax for individuals, but not for corporations, justified in part by "fiscal reasons" that prevented total repeal); *Doran v. Cullterton*, 283 N.E.2d 865, 868 (Ill. 1972) (upholding validity of homestead exemption with classification based on age); *Supervisor of Assessments v. Otremba*, 440 A.2d 403, 405-06 (Md. Ct. Spec. App. 1982) (upholding homestead exemption with requirement that home be owner-occupied); *Rubin v. Glaser*, 399 A.2d 984, 989-90 (N.J. Super. Ct. App. Div. 1979) (upholding homestead exemption with residency requirement).

Finally, plaintiffs argue that dismissal was improper without a trial at which plaintiffs could offer witnesses to show how arbitrary the income eligibility ceiling is in operation. We stress that plaintiffs' burden is to show that "every conceivable basis" for the legislative classification is invalid. *D.A. Pincus & Co. v. Meehan*, 670 A.2d 1278, 1286 (Conn. 1996). Recognizing that any dividing line based on a number is inherently artificial, see *Carmichael v. Southern Coal & Coke Co.*, 301 U.S. 495, 510-11 (1937), we cannot envision a factual showing that would overcome plaintiffs' burden. See, e.g., *Mostowy v. United States*, 966 F.2d 668, 672-73 (Fed. Cir. 1992) (attack on constitutionality of tax statute distinguishing between coal owners and dairy farmers dismissed on the pleadings because court "cannot anticipate any state of facts" that would allow plaintiffs to meet their burden).

*Affirmed.*