2004 VT 86

**Douglas HOFFER v. DEPARTMENT OF TAXES and Richard Mallary, Commissioner of Taxes**

[861 A.2d 1085]

No. 03-547

¶ 1. August 24, 2004. In this appeal petitioner Douglas Hoffer challenges the constitutionality of 32 V.S.A. § 6062(c), part of the prebate provisions of Act 60's education property tax code. Petitioner contends that § 6062(c) creates an irrebuttable presumption and arbitrary classifications that violate his rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution. The Washington Superior Court found no constitutional defects in the challenged statute. We affirm.

¶ 2. This dispute arises from a reduction in petitioner's educational property tax prebate made by the Vermont Department of Taxes. The Equal Education Opportunity Act of 1997 (Act 60) was implemented to provide equal per pupil education revenues and equalize statewide education property tax rates. See *Town of Killington v. State*, 172 Vt. 182, 183-84, 776 A.2d 395, 397 (2001); 16 V.S.A. § 4000(a). To keep potential in-

creases in property taxes manageable, the Legislature included a prebate provision — the Homestead Property Tax Income Sensitivity Adjustment — as "a 'circuit breaker' that limits the statewide property tax on homestead property to 2% of income for taxpayers with household incomes under $75,000 per year." *Schievella v. Dep't of Taxes*, 171 Vt. 591, 591, 765 A.2d 479, 480 (2000); 32 V.S.A. §§ 6066(a), (b), 6066a(a). The prebate is estimated based on a property owner's household income from the previous year and is paid in advance of municipal property tax assessments. See 32 V.S.A. § 6066a(a). At the end of the tax year, the State reconciles the adjustment with the owner's actual household income and tax assessments. See *id.* § 6066a(b). The prebate is calculated based on the income of all household members; however the State allows only one claimant per household. See *id.* § 6062(b).

¶ 3. Petitioner owns his homestead as a tenant in common with a former girlfriend who has resided in New York since 1998. Petitioner and his co-owner never married. By private agreement petitioner maintains the homestead and pays all of the property taxes. From 1999-2002 petitioner filed an annual prebate claim for his entire homestead. On review, the State reduced the claim by 50% to reflect petitioner's 50% ownership interest in the property. Petitioner's co-owner maintains a separate household, but did not file for the remainder of the prebate. See *id.* § 6066(c)(1) (stating that only persons domiciled in Vermont for entire tax year are eligible for prebate).

¶ 4. Petitioner appealed the State's reduction of his prebate to the Commissioner of the Vermont Department of Taxes pursuant to 32 V.S.A. § 6072. The commissioner affirmed the State's calculations pursuant to Act 60. Petitioner then challenged the constitutionality of 32 V.S.A. § 6062(c) on appeal to the su-

perior court. The court denied his claim, and this appeal followed.

¶ 5. Petitioner challenges 32 V.S.A. § 6062(c)[1] on three separate grounds: (1) that § 6062(c) creates an irrebuttable presumption that property taxes are paid in proportion to ownership interest that denies him due process under the Fourteenth Amendment; (2) that the exceptions provided in § 6062(c) invidiously discriminate against unmarried couples and therefore constitute arbitrary classifications in violation of the Equal Protection Clause; and (3) that § 6062(c) as applied here is contradictory to the remedial purposes of the Act 60 prebate.

¶ 6. In support of his first claim, petitioner argues that § 6062(c) conclusively presumes that he pays statewide property taxes in proportion to his ownership interest, i.e. that he pays only half of his homestead's property taxes. Petitioner argues that this unconstitutionally denies him the opportunity to present evidence to rebut the presumption of proportional payment. We disagree. Petitioner's so-called "irrebuttable" presumption is not irrebuttable. In his original appeal to the commissioner, petitioner offered evidence on this question, and the commissioner's determination found as fact, that petitioner pays all of the property taxes associated with his homestead. More importantly, what petitioner characterizes as an evidentiary presumption is actually a legislative statement of social policy. By the plain language of § 6062(c), household prebates are calculated in proportion to ownership interest, i.e. tax liability, not tax payment. Who pays is irrelevant. As such, petitioner has no procedural claim. See *Michael H. v. Gerald D.*, 491 U.S. 110, 119-21 (1989) (concluding that irrebuttable presumption claims must be rooted in substantive rights rather than procedural adequacy).

¶ 7. Regarding his second claim — his substantive challenge — petitioner argues that § 6062(c) violates the Equal Protection Clause by allowing some property owners, but not others, to rebut the supposed presumption that they pay property taxes in proportion to their ownership interest. In particular, peti-

---

[1] 32 V.S.A. § 6062(c) provides:

(c) When a homestead is owned by two or more persons as joint tenants, tenants by the entirety, or tenants in common and one or more of these persons are not members of the claimant's household, the property tax is the same proportion of the property tax levied on that homestead as the proportion of ownership of the homestead by the claimant and members of the claimant's household; provided, however, that

(1) the property tax of a claimant who is 62 years of age or older is the same proportion of the property tax levied on that homestead as the proportion of ownership of the homestead by the claimant, members of the claimant's household, and the claimant's descendants; and the claimant's siblings or spouse who have moved on an indefinite basis from the homestead to a residential care or nursing home and who claim no rebate or credit for such year under this chapter.

(2) the property tax of a claimant who is a joint tenant or tenant by the entirety with, and legally separated from, a spouse who is not a member of the household, is the tax on the homestead for which the claimant is responsible pursuant to a court-approved settlement agreement.

(3) the property tax of a claimant who is a joint tenant with a former spouse and who has possession of the homestead pursuant to the joint owners' final divorce decree is the property tax for which the claimant is responsible under the joint owners' final divorce decree or any modifying orders.

tioner claims that the statute invidiously denies unmarried couples the opportunity to show that their actual property tax contribution exceeds their tax liability. Again, we disagree.

¶ 8. As above, petitioner's claim is built on the foundation of an irrebuttable presumption that does not exist. See 32 V.S.A. § 6062(c) (calculating prebate by tax liability, not tax payment). Not even the exceptions in § 6062(c) take actual payment into consideration. For example, § 6062(c)(1) allows claimants over the age of sixty-two to include as part of their household siblings and/or spouses who have moved from the homestead to a nursing home. While this exception permits certain claimants with less than 100% ownership to receive 100% of the homestead prebate, it is irrelevant who, if anyone, actually pays the property taxes.[2] Similarly, § 6062(c)(2), (3) allow separated or divorced claimants (respectively), who are "responsible" for property taxes pursuant to a courtapproved settlement or decree, to calculate their prebate based on court orders rather than ownership. The proportion of property taxes actually paid and the identity of the payer are not factors in determining the claimant's prebate. The classification is by tax liability not by payment of the tax.

¶ 9. Petitioner's additional argument — that § 6062(c) creates arbitrary classifications based on marital status — is equally unavailing. Petitioner attempts to argue that the exceptions to § 6062(c) separately classify married and unmarried persons. Subsection (1), however, covers both spouses and siblings, and applies only when an elderly household is separated for medical reasons and the

ownership interest is divided. Subsections (2) and (3) acknowledge changes in tax liability resulting from a legal separation or divorce. These exceptions do not classify taxpayers by marital status, but rather address situations when household ownership does not meet the statute's intended tax liability classification.

¶ 10. In equal protection challenges "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440 (1985). "'[I]f any reasonable policy or purpose for the legislative classification may be conceived of, the enactment will be upheld.'" *In re Property of One Church Street*, 152 Vt. 260, 266, 565 A.2d 1349, 1352 (1989) (quoting *Andrews v. Lathrop*, 132 Vt. 256, 259, 315 A.2d 860, 862 (1974)). The State has a legitimate interest in fairly and efficiently administering the Act 60 prebate. Pursuant to this interest, the Legislature reasonably could have concluded that ownership interest is the most reliable measure of property tax liabilities, and that the benefits of the prebate should be distributed in relation to actual tax liabilities rather than actual tax payments. Classification based on tax liability is valid. All three of the challenged statute's exceptions reflect reasonable legislative policy choices and further the State's legitimate interest in a fair and efficient tax policy.

¶ 11. Moreover, even if § 6062(c) did classify persons by marital status, there would be no equal protection violation. "'[I]n structuring internal taxation schemes the States have large leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation.'" *USGen New England, Inc. v. Town of Rockingham*, 2003 VT 102, ¶ 17, 176 Vt. 104, 838 A.2d 927 (quoting *Nordlinger v.*

---

[2] Under 32 V.S.A. § 6062(c) a property owner is entitled to the prebate even if the tax is delinquent or paid by another party.

*Hahn*, 505 U.S. 1, 11 (1992)). Tax schemes classifying taxpayers by marital status have consistently been upheld under rational basis review. See, e.g., *Druker v. Comm'r of Internal Revenue*, 697 F.2d 46, 55 (2d Cir. 1982) (upholding federal income tax "marriage penalty" under rational basis review); *Mapes v. United States*, 576 F.2d 896, 900 (Ct. Cl. 1978) (applying rational basis review to tax scheme posing no insuperable barrier to marriage).

¶ 12. Petitioner's final argument is that § 6062(c) contradicts the holding of *Bagley v. Department of Taxes*, 146 Vt. 120, 124, 500 A.2d 223, 226 (1985), that classifications made in remedial statutes must be rationally related to the remedial purpose of the statute. Petitioner claims that the State's calculation of his prebate forces him to pay more than two percent of his household income, violating statutory limits imposed by 32 V.S.A. § 6066(a)(1)(B)(ii)(I) and contradicting the remedial purpose of the Act 60 prebate. We disagree.

¶ 13. The prebate's purpose is to limit a property owner's tax *liability* to a percentage of the owner's household income. Because petitioner owns a 50% interest in his homestead, he is liable to the State for only 50% of the taxes associated with the homestead. Thus, a prebate reduced by 50% satisfies its intended remedial purpose. Any additional taxes paid by petitioner are self-imposed through a private agreement and do not increase his legal tax liability.

*Affirmed.*

Note: Chief Justice Amestoy sat for oral argument but did not participate in this decision.