STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Dufault Variance Application | } | Docket No. 287-12-07 Vtec[1] |
| (Appeal of Dufault) | } | |
|  | } | |

Decision and Order on Motion for Summary Judgment

Appellants André and Madeline Dufault appealed from a second decision of the Development Review Board (DRB) of the Town of St. Albans, issued after remand, denying Appellants' variance application. Appellants are represented by Michael S. Gawne, Esq., and the Town of St. Albans is represented by David A. Barra, Esq.

Issues of deemed approval were addressed by summary judgment, and Appellants have now moved for summary judgment on Question 3 of their Statement of Questions, requesting the Court to strike that portion of the St. Albans Town Zoning Ordinance requiring ten feet of separation between a principal and an accessory structure in order for an accessory structure to qualify for a reduced setback. The following facts are undisputed unless otherwise noted; the description of the property and its development history already stated in the August 4, 2008 Decision and Order will be reiterated only as necessary to this decision.

In the Lakeshore zoning district, the dimensional requirements for the yard[2] setbacks distinguish between the setback applicable to a principal structure, which is 25 feet, and that applicable to an accessory structure, which is 15 feet. Zoning Bylaws and Subdivision Regulations, § 315(3). The term "accessory structure" is defined in Part V, Definitions, as being "incidental and subordinate to" the principal structure. The

---

[1] Please note that this is the correct docket number, **not** 129-6-07 Vtec.
[2] That is, other than the setbacks to a road and to the mean water mark.

examples in the definition include "detached garages," suggesting that attached garages would be considered to be part of the principal structure.

Note 2 to the dimensional requirements in § 315(3) provides in full as follows:

> In order to qualify for the accessory structure yard setback of 15 feet, there has to be 10 feet [of] separation between the closest parts of the principal and the accessory structures. If the structures are less than ten feet apart, then the yard setback for a principal structure is to be applied to the accessory structure as well.

Appellants argue that this disparate treatment is not supported by "considerations of public health, safety, morals, or general welfare," and is not supported by the purposes in the enabling legislation: 24 V.S.A. § 4302(a).

Although any ambiguity in a zoning ordinance is to be decided in favor of the landowner because zoning ordinances are in derogation of the common law, In re Appeal of Weeks, 167 Vt. 551, 555 (1998) (citing In re Vitale, 151 Vt. 580, 584 (1989)), no ambiguity presents itself in the ordinance section at issue in the present case. Rather, Appellants argue that the quoted section of the ordinance is unconstitutional as being clearly unreasonable, irrational, arbitrary and discriminatory, and that the Court should declare it to be invalid. See, e.g., In re Appeal of JAM Golf, LLC, 2008 VT 110, ¶¶ 13–14, 17; McLaughry v. Town of Norwich, 140 Vt. 49, 54–56 (1981).

Zoning bylaws are presumed to be valid, and thus will not be overturned by courts unless the bylaw at issue "'clearly and beyond dispute is unreasonable, irrational, arbitrary or discriminatory.'" In re Appeals of Letourneau, 168 Vt. 539, 544 (1998) (quoting City of Rutland v. Keiffer, 124 Vt. 357, 367 (1964)); see McLaughry, 140 Vt. at 54. Zoning ordinances are construed according to the same rules that are used to interpret statutes. In re St. Mary's Church Cell Tower, 2006 VT 103, ¶ 4, 180 Vt. 638 (mem.) (citing In re Nott, 174 Vt. 552, 553 (2002) (mem.)).

The parties do not claim that any fundamental right or suspect class is involved in this argument. In the absence of a fundamental right or suspect class, "challenges

2

under the equal protection clause are reviewed by the 'rational basis' test." Colchester Fire Dist. No. 2 v. Sharrow, 145 Vt. 195, 198 (1984) (citing Pabst v. Comm'r of Taxes, 136 Vt. 126, 132–33 (1978)).  If there is a rational basis for the distinctions, serving a legitimate policy objective, there is no equal protection violation.  State v. Stewart, 140 Vt. 389, 402 (1981) (citing State v. Carpenter, 138 Vt. 140, 142–43 (1980)).  "In applying this standard, we must look at any of the purposes that are conceivably behind the statute." Smith v. Town of St. Johnsbury, 150 Vt. 351, 357 (1988) (citing State v. Stewart, 140 Vt. at 402).

Due to the presumption of constitutionality, that is, the presumption that the legislative body has not acted unreasonably or without purpose, Andrews v. Lathrop, 132 Vt. 256, 259 (1974), the Court must "uphold the classification if we can conceive of any reasonable policy or purpose for it."  M.T. Assocs. v. Town of Randolph, 2005 VT 112, ¶ 12, 179 Vt. 81 (citing Hoffer v. Dep't of Taxes, 2004 VT 86, ¶ 10, 177 Vt. 537 (mem.)).  It is not a question of whether an explicit purpose statement in the ordinance supports the classification, but whether the classification "serves any legitimate purpose that is conceivably behind the statute."  See Quesnel v. Town of Middlebury, 167 Vt. 252, 257 (1997) (citing State v. Stewart, 140 Vt. 389, 402 (1981)).  As long as the court can conceive of a possible rational basis for a legislative distinction, the classification should be upheld.  See Smith v. Town of St. Johnsbury, 150 Vt. 351, 359 (1988).

Regardless of whether the distinction in the ordinance should have been applied to Appellants' case, or whether the existing layout of Appellants' property became grandfathered as nonconforming when the property was internally subdivided, there is an evident rational basis for the distinction between accessory structures that are attached or very close to the principal structure, and those that are more than ten feet from the principal structure.

By definition, an accessory structure and the use it houses (for example, a garage or storage shed) is "incidental and subordinate to" the principal structure and use, and

3

therefore can be expected to be less obtrusive to the neighbors. Appellants do not contest that it is rational to require a larger setback for a principal structure (for example, a residence) than for an accessory structure (for example, a detached garage or storage shed). Appellants also do not claim that it is irrational to require an attached addition to the principal structure, such as a porch or a deck, to be held to the same setback requirements as the principal structure.

A conceivable rational basis for the contested distinction is to prevent persons from achieving a reduced setback for a series of additions to a principal structure that would not have been allowed if the additions had all been built or proposed at the same time. That is, it is rational for the Town to seek to preclude landowners from first building a house and a detached garage with the reduced setback, and then later building a connecting segment between the two, thereby effectively avoiding the full setback requirement for additions to the principal structure. The selection of ten feet of separation is also a rational choice, as it represents the additional setback that otherwise would have been required on the boundary side of the accessory structure, that is, if the principal and the accessory structures had been built as attached structures in the first place.

Of course, there are other ways in which the zoning ordinance could have achieved this same goal. But the test for constitutionality is whether there is a conceivable rational basis for the distinction, not whether the ordinance is the ideal way to achieve the intended result. In re Appeals of Letourneau, 168 Vt. 539, 544 (1998).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Summary Judgment is DENIED, Summary Judgment is GRANTED to the Town on Question 3 of the Statement of Questions. A telephone conference has been scheduled (see enclosed notice) to discuss the issues that remain in the case, and whether an evidentiary hearing should be scheduled. Please also be

4

prepared to discuss the issues raised in footnotes 1 and 2 of the August 4, 2008 Decision and Order.

Done at Berlin, Vermont, this 18th day of March, 2009.


_____
Merideth Wright
Environmental Judge